817 P.2d 960

**STATE of Arizona, Plaintiff–Appellee,**

v.

**FIVE THOUSAND FIVE HUNDRED & 00/100 DOLLARS ($5,500.00) IN U.S. CURRENCY; One (1) Colt .45 Caliber Semi–Automatic Revolver, Serial # F633799, Defendants,**

**Sherwood Chaison, Appellant.**

**No. 1 CA–CV 89–588.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 19, 1991.

Richard P. Kasper, Mesa, for plaintiff-appellee.

C. Kenneth Ray II, Phoenix, for appellant.

Grant Woods, Atty. Gen. by Cameron H. Holmes, Asst. Atty. Gen., Phoenix, for amicus curiae.

## OPINION

BROOKS, Presiding Judge.

The dispositive issue in this appeal is whether a person must file a claim assert-

ing an ownership interest in property in order to challenge the state's action seeking to forfeit that property under A.R.S. section 13–4311. We answer in the affirmative and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

On June 13, 1989, the state filed a complaint seeking the forfeiture of $5,500.00 in U.S. currency and one revolver (collectively, "the property"). The complaint alleged that on May 8, 1989, officers of the Mesa Police Department arrested Sherwood Chaison in his automobile for conspiracy/offer to transfer marijuana. The currency was in Chaison's possession and was offered to an undercover officer in return for the marijuana. The revolver was found in the car within Chaison's reach at the time of the arrest. The property was seized, and an officer of the Mesa Police Department served Chaison with a notice of seizure for forfeiture. The complaint further alleged that Chaison was a person who "may wish to claim an interest in one or more of defendant properties."

On June 16, 1989, Chaison was served with a notice of pending forfeiture, informing him that this action had been commenced and that unless he filed a claim to the property within thirty days, a judgment ordering forfeiture of the property would be entered. Chaison filed no claim asserting an interest in the property, but on July 31, 1989, he filed a motion to dismiss the complaint, arguing that it failed to state a claim upon which relief could be granted. The state responded, urging the trial court to deny the motion because Chaison's failure to file a claim left him without standing to file the motion to dismiss. Alternatively, the state argued that the complaint did

state a claim upon which relief could be granted.

Included in the state's response was a petition for an order of forfeiture. Chaison moved to dismiss the petition, arguing, among other things, that he was not required to file a claim or answer because the state had failed to follow the procedures for obtaining a default judgment set out in Rule 55, Arizona Rules of Civil Procedure.[1]

The trial court ruled in favor of the state, finding that Chaison had no standing to urge his motions and that, in any event, the complaint did state a claim upon which relief could be granted. The court then signed and entered an order of forfeiture and clear title, directing that the property be forfeited to the state. The court also granted the state's request for costs, expenses, and reasonable attorney's fees in the investigation and prosecution of the matter.[2] Chaison then filed a motion for reconsideration and for leave to file an answer and claim, which the court denied.

Chaison has appealed from the order of forfeiture and from the order denying him leave to file an answer and claim. He argues:

(1) that he was not required to file a claim until after the court had ruled on his motion to dismiss;

(2) that the state was not entitled to forfeiture because it failed to follow the procedures for obtaining a default judgment under Rule 55, Arizona Rules of Civil Procedure; and

(3) that the complaint failed to state a claim upon which relief could be granted.

Because of our disposition of the first issue, we do not reach the latter two.

## DISCUSSION

■ A judicial *in rem* forfeiture proceeding is commenced by filing a verified

---

1. Chaison also contended that the order sought by the state would be available only if it had made uncontested forfeiture available (*see* A.R.S. § 13–4309) and that the action should be dismissed under Rule 12(b)(5), Arizona Rules of Civil Procedure, for insufficiency of service of process. He has pursued neither of those arguments on appeal.

2. Chaison has raised no issue on appeal concerning the propriety of granting this request. *But see Cross v. Attorney General,* 165 Ariz. 14, 18, 795 P.2d 1297, 1301 (App.1990) (A.R.S. section 13–4314(F) "authorizes an award of attorney's fees in favor of the state only against a 'claimant.'")

complaint in the superior court. A.R.S. § 13–4311(A). The state "may serve" the complaint in the manner provided in A.R.S. section 13–4307 [3] or by the rules of civil procedure. A.R.S. § 13–4311(A). Upon the filing of the action, the clerk of the court is directed to provide the notice of pending forfeiture required by section 13–4307 "unless the files of the clerk of the court reflect that such notice has previously been made." A.R.S. § 13–4311(C). The attorney for the state may provide this notice. *Id.*

An owner or other person claiming an interest in the seized property may, within thirty days after the "notice," [4] file a claim in order to obtain "a hearing to adjudicate the validity of his claimed interest in the property." A.R.S. § 13–4311(D). The claim must be verified and set forth facts establishing the claimant's interest in the property and the reasons why that interest is not subject to forfeiture. A.R.S. § 13–4311(E). No extension of time for the filing of a claim may be granted. A.R.S. § 13–4311(F). Within twenty days after service of the complaint, the claimant shall file and serve an answer to the complaint and a claim if one has not already been filed. A.R.S. § 13–4311(G). The court is directed to speedily determine timely-filed claims and dispose of the property. A.R.S. § 13–4311(H), (I), (J), (K), and (L).

In this case, Chaison filed neither a claim to the property nor an answer to the complaint.[5] Instead, he filed a motion to dismiss the complaint under Rule 12(b)(6), Arizona Rules of Civil Procedure. On appeal, he asserts that under A.R.S. section 13–4311(G), he was not required to file a claim until he filed his answer to the complaint. He further argues that under Rule 12(a)(1), Arizona Rules of Civil Procedure, the deadline for filing both claim and answer was extended until ten days after the court had ruled on his motion to dismiss.[6] We disagree. Neither Rule 12 nor A.R.S. section 13–4311(G) extended the time for filing Chaison's claim beyond the period provided in A.R.S. section 13–4311(D)—i.e., thirty days after he was served with the notice of pending forfeiture.[7]

Chaison has apparently failed to appreciate the significance of the *in rem* nature of this action. "In the strict sense of the term, a proceeding *'in rem'* is one which is *taken directly against property* or one which is brought to enforce a right in the

---

3. The relevant part of A.R.S. section 13–4307 provides:

   **Notice of Pending Forfeiture**

   Whenever notice of pending forfeiture is required under this chapter it shall be given or provided in one of the following ways and is effective at the time of personal service, publication or the mailing of written notice, whichever is earlier:

   1. If the owner's or interest holder's name and current address are known by either:
   (a) Personal service.
   (b) Mailing a copy of the notice by certified mail to the address.

4. This reference is apparently to the notice of pending forfeiture mentioned in subsection C.

5. In fact, Chaison has denied that he was ever "served" with a copy of the complaint. The state does not dispute this point and characterizes the copy of the complaint that it mailed to Chaison as a "courtesy copy," which Chaison was under no obligation to answer. The state maintains that only a "claimant" is entitled to be served with the complaint.

6. Rule 12(a) specifies the time limits for service and filing of pleadings and certain motions, including a motion to dismiss for failure to state a claim upon which relief may be granted. The rule provides, in pertinent part:

   The service of a motion permitted under this Rule alters these periods of time as follows, unless a different time is fixed by order of the court:
   1. If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within ten days after notice of the court's action.

7. We decline to address Chaison's assertion that the trial court's ruling unconstitutionally deprived him of his property without due process of law. He has offered neither argument nor citation to legal authority in support of this assertion, and he failed to raise the issue at all in the trial court. *See Paros v. Hoemako Hosp.,* 140 Ariz. 335, 681 P.2d 918 (App.1984) (arguments unsupported by authority will not be considered on appeal); *Norcor of America v. Southern Ariz. Int'l Livestock Ass'n,* 122 Ariz. 542, 596 P.2d 377 (App.1979) (general rule that questions not raised in trial court will not be considered on appeal applies to constitutional issues).

thing itself." *Black's Law Dictionary* 713 (5th ed.1979) (emphasis added). The property, then, is the nominal defendant, and Chaison is merely a potential party. His right to appear and defend is controlled by A.R.S. section 13–4311, which requires him to file a claim in order to become a party.

Chaison interprets section 13–4311(G) to mean that a potential claimant who is served with an *in rem* forfeiture complaint may ignore the thirty-day deadline for filing a claim under subsection D as long as he or she eventually files a claim together with a timely answer. That interpretation is questionable in view of subsection F's prohibition against extending the time for filing a claim. However, even if Chaison's interpretation is correct, his reliance upon subsection G is misplaced if, as he has asserted, he *was never served with a complaint* in this action.

Moreover, Rule 12(a)(1), Arizona Rules of Civil Procedure, would not avail Chaison *even if he had been served with a complaint.* We recognize that judicial *in rem* forfeiture proceedings are "governed by the rules of civil procedure unless a different procedure is provided by law." A.R.S. § 13–3411(B). Nevertheless, Rule 12(a)(1) extends only the time for filing a "responsive pleading." Rule 7(a), Arizona Rules of Civil Procedure, denominates the pleadings allowed in civil actions, and a claim is not among them. A person who desires to challenge forfeiture proceedings under A.R.S. section 13–4311 must file both a claim and, eventually, an answer. The filing of a rule 12 motion may delay the deadline for filing an answer, but it does not affect the deadline for filing a claim. We hold that a timely claim must be filed before or at the same time as *any* response to a complaint in proceedings under A.R.S. section 13–4311, including a motion to dismiss.

We find support for our conclusion in a number of federal circuit cases. For example, in *United States v. Fifteen Thousand Five Hundred Dollars,* 558 F.2d 1359 (9th Cir.1977), the government seized money from a safety deposit box of which the appellant, Mumford, was a co-renter.

Mumford did not file a claim asserting any interest in the money, and the Ninth Circuit held that she had no standing to challenge the forfeiture:

> The applicable statutory sections discussing forfeiture proceedings make clear that one who contests a forfeiture must be a claimant. A "claimant" is one who claims to own the article or merchandise or to have an interest therein. *See, e.g.,* 19 U.S.C. §§ 1608, 1613, 1615. Thus there may be more than one claimant in a forfeiture proceeding.

> ... Although the type and extent of the interest claimed may vary ... in all cases the real party in interest claims some interest in the seized article or merchandise itself. Appellant has not done so.

> \* \* \* \* \* \*

> Mumford's possessory interest in the box would give her the right to contest other matters in this type of proceeding. She could, for example, challenge the entry into the box as an illegal search. Similarly, her failure to be a claimant would not interfere with her right to contest the validity of wiretap authorizations if her conversation were intercepted.

> Where the underlying action is a civil forfeiture suit, however, none of the above bases for contesting the forfeiture is reached unless the threshold requirement of being a claimant is fulfilled. This can be done only if the person desiring to defend the action claims an ownership or possessory interest in the property seized.

558 F.2d at 1360–61 (citations omitted).

The Seventh Circuit reached a similar conclusion in *United States v. United States Currency,* 754 F.2d 208 (7th Cir. 1985). Officers of the Drug Enforcement Administration (DEA) had seized currency and commenced a summary proceeding to forfeit it. The appellant, Raymer, filed a claim with the DEA under 19 U.S.C. section 1608, which automatically halted the summary proceeding and transferred the case to the U.S. Attorney for institution of a judicial forfeiture action. Raymer filed

with the DEA a "petition for remission or mitigation" of the forfeiture, but failed to file a verified claim in court as required by Supplemental Rule C(6), Federal Rules of Civil Procedure. The court rejected Raymer's argument that either his DEA claim or his petition for remission should be deemed to have fulfilled the requirements of Rule C(6) and held that a party must comply with the rule's requirements to timely file a verified claim. The court noted the important function of the Rule C(6) claim:

> The claim [that Raymer filed with the DEA] was never filed in the district court, and the record indicates that the first the district court saw of the claim was when Raymer attached a copy of it to his response to the government's motion for summary judgment on May 16, 1983. *Such a claim does not fulfill an important function of the claim requirement of Rule C(6)—notifying the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard.* ... Raymer filed nothing with the district court to notify the court that he had a sworn interest in the currency. Although his answer admitted a paragraph in the complaint stating that Raymer was believed to be the owner of the currency, the answer was unsworn and signed only by Raymer's counsel. The answer did not refer to either Raymer's DEA claim or his petition for remission. There were no accompanying affidavits.

In sum, Raymer's DEA claim cannot be deemed to fulfill the claim requirement of Supplemental Rule C(6). *See United States v. One 1979 Oldsmobile–Cutlass Supreme,* 589 F.Supp. 477, 478 (N.D.Ga.1984) (claimant who filed answer in district court without filing claim, in mistaken belief that prior administrative claim was sufficient, did not have essential element of standing to contest forfeiture—the filing of a proper claim under Rule C(6)).

754 F.2d at 213 (emphasis added).

Like federal law, Arizona's judicial *in rem* forfeiture statute requires a person to become a "claimant" in order to contest the action. This entails the filing of a proper and timely claim asserting an interest in the property. A.R.S. § 13–4311(D), (E), (F), and (G). Absent that claim, the challenger fails to inform the court that, by virtue of his sworn claim to the property, he is entitled to join the action and be heard.

## ATTORNEY'S FEES

The state has requested an award of attorney's fees, alleging that this appeal was filed without substantial justification and for the purpose of delay. In the exercise of our discretion, we deny the request.

## CONCLUSION

The trial court correctly determined that Chaison had failed to demonstrate his standing by filing a timely claim setting forth his interest in the property at issue. The judgment of the trial court is therefore affirmed.

CONTRERAS and JACOBSON, JJ., concur.