Arthur R. COLDREN, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 11, 2002.
Decided March 11, 2002.
Reargument Denied May 6, 2002.

William Ruzzo, Wilkes-Barre, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

Before FRIEDMAN, Judge, LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Arthur R. Coldren (Coldren) petitions for review of a June 13, 2001 order of the Pennsylvania Board of Probation and Parole (Board), which dismissed Coldren's administrative appeal as untimely. We vacate and remand for further proceedings.

After being paroled from a sentence of four to ten years for the offenses of burglary and criminal mischief, Coldren was recommitted as a technical parole violator. On April 3, 2001, the Board ordered Col-

dren to serve eighteen months backtime. The Board's order was mailed to Coldren on April 10, 2001.

The Board's regulation at 37 Pa.Code § 73.1(a)(1) requires that an appeal from a revocation decision "shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order." In this case, the Board dismissed Coldren's appeal as untimely because it did not arrive until May 17, 2001, more than thirty days after April 10, 2001. Coldren now petitions this court for review of the Board's decision.[1] On September 20, 2001, this court granted the Board's motion to limit Coldren's appeal to the issue of timeliness.

■ Under the "prisoner mailbox rule," a pro se prisoner's appeal is deemed to be filed when it is deposited with prison officials or placed in the prison mailbox. *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605 (Pa.Cmwlth. 2001). Thus, the date which determines whether Coldren's appeal is timely is the date Coldren placed his petition into the hands of prison officials rather than the date the appeal was received by the Board.

Coldren's petition itself has no date on it. It was sent to the Board by certified mail in an envelope bearing the postmark of May 15, 2001. The controversy surrounding the timeliness of Coldren's appeal arises from the dates appearing on a prison "cash slip" through which Coldren requested the funds to pay for postage. At the bottom of the cash slip, in a space titled "Business Office's Space," there is a date stamp which could be interpreted to read either "May 5, 2001" or "May 15, 2001." In addition to the uncertainty of the date itself, there is no indication whether the date stamped at the bottom of the cash slip reflects the date on which Coldren turned his appeal in or some other date.

According to Coldren, he placed his petition in the custody of the Department of Corrections on May 5, 2001 and, therefore, under the prisoner mailbox rule, his appeal was timely.[2] The Board, on the other hand, contends that the date stamp says "May 15, 2001," reflecting that Claimant did not turn his petition over to the Department of Corrections until that date, in which case Coldren's appeal was untimely. In addition, the Board argues in its brief that this court should decline to follow *Pettibone*. Instead, the Board urges this court to follow the earlier case of *Maldonado v. Pennsylvania Board of Probation and Parole*, 89 Pa.Cmwlth. 576, 492 A.2d 1202 (1985). We decline to do so.

In *Maldonado*, as here, the sole question presented was whether the Board properly denied Maldonado's request for administrative relief as untimely filed. After being recommitted to prison as a parole violator by order of the Board dated May 15, 1984, Maldonado mailed a request for administrative relief to the Board in an envelope bearing a postmark of June 14, 1984, which was received by the Board on June 18, 1984. The Board denied administrative relief on the ground that Maldonado's request was received after the thirty-day appeal period expired. This court affirmed, noting that the date of receipt by

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

2. The date at the top of the cash slip, handwritten by Coldren, says "04–09–01." However, Coldren argues in his brief that he placed his appeal into the hands of the Department of Corrections on May 5, 2001. (Coldren's brief at 5.).

the Board, not the date of mailing, is determinative.

If *Maldonado* were the only case law for this court to consider, we might be constrained to affirm the Board. However, *Maldonado* was decided in 1985, eleven years before our supreme court instituted the prisoner mailbox rule in *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 683 A.2d 278 (1996) (holding that a state appellate court shall consider a pro se prisoner's appeal from a governmental agency decision to be filed when such appeal is deposited with prison officials or placed in the prison mailbox). Moreover, the *Maldonado* opinion does not indicate whether the petitioner was represented by counsel, in which case the rationale behind the prisoner mailbox rule would not apply. *See Smith.*

The year after *Smith* was decided, our supreme court extended the prisoner mailbox rule to *all* appeals filed by pro se prisoners in the state appellate courts. *Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423 (1997). In *Pettibone*, this court further extended the prisoner mailbox rule. Noting that the rationale behind the prisoner mailbox rule has equal force in both forums, we applied that rule to pro se administrative appeals filed in the state appellate courts *and* to such appeals filed before the Board. *Pettibone.* Thus, Coldren's pro se appeal to the Board is covered by the prisoner mailbox rule, and the date which determines the timeliness of that appeal is the date Coldren turned the appeal over to the Department of Corrections for mailing to the Board. Accordingly, the Board erred in dismissing Coldren's appeal as untimely based on the date that the appeal was received.

Because we cannot determine from the record the date on which Coldren deposited his appeal with the Department of Corrections, and because, under the prece-

dent set in *Pettibone,* this is the date needed to settle the question of the timeliness of Coldren's appeal, we must vacate the Board's decision and remand for that factual determination.

### ORDER

AND NOW, this 11th day of March, 2002, the order of the Pennsylvania Board of Probation and Parole, dated June 13, 2001, is hereby vacated, and we remand the case for a factual determination, under the precedent set in *Pettibone v. Pennsylvania Board of Probation and Parole*, 782 A.2d 605 (Pa.Cmwlth.2001), of the date on which Arthur R. Coldren turned his appeal over to the Department of Corrections.