228 P.3d 950

**STATE of Arizona ex rel. Terry GODDARD, Plaintiff– Appellee,**

v.

**Martin OCHOA, Claimant–Appellant,**

and

**The Real Property Located in Kingman, Arizona, Parcel No. 324–26–048.**

**No. 1 CA–CV 09–0284.**

Court of Appeals of Arizona, Division 1, Department E.

April 20, 2010.

Terry Goddard, Attorney General by Kent Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section, and Alex Mahon, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Clifford Levenson, Phoenix, Attorney for Appellant.

## OPINION

WEISBERG, Judge.

¶ 1 In this civil in rem forfeiture action, claimant-appellant, Martin Ochoa ("Ochoa"), appeals from the trial court's order granting the State's motion to strike his claim assert-

ing an interest in real property. For reasons that follow, we affirm.

## BACKGROUND

¶ 2 In 2001, the State of Arizona began an investigation into a criminal enterprise involving the sale of methamphetamines in Mohave County. The main suspect in the investigation was Jose Ochoa, Ochoa's brother. Ochoa told investigators that he and Jose were involved in the distribution of illegal drugs. Ochoa was arrested and convicted and is serving an eighteen-year sentence in an out-of-state prison.

¶ 3 The State seized real and personal property for forfeiture alleging that it had been used to facilitate activity in the criminal enterprise. The State filed a notice of pending forfeiture and notice of seizure for forfeiture on June 9, 2008. The property seized included real property located at 1230 E. Carver Avenue in Kingman, Parcel No. 324–26–048, of which Ochoa was the owner of record. The notice stated that any person claiming a lawful interest in the seized property was required to "file a verified claim in the Superior Court of Maricopa County satisfying the requirements of A.R.S. § 13–4311 within thirty (30) days after service of this notice." The notice also stated that "[c]opies of the claim shall be mailed to the seizing agency and to the attorney for the state. No extension of time for the filing of a claim may be granted." It further stated that "[i]f no such claim is timely made, forfeiture of all interest in the seized property of any person who does not so claim will be applied for."

¶ 4 On November 5, 2008, the State filed an application for order of forfeiture of the property. On November 6, 2008, Ochoa was personally served at Diamondback Prison in Oklahoma with the notice of seizure for forfeiture and notice of pending forfeiture. Ochoa had until December 8, 2008 to file a verified claim.

¶ 5 On December 9, 2008, Ochoa's attorney filed a verified claim in the Superior Court of Maricopa County on Ochoa's behalf in which Ochoa claimed a 100 percent interest in the subject real property. The claim shows it was signed by Ochoa's attorney on December

2, 2008 and verified by Ochoa on December 4, 2008. On December 10, 2008, the State filed a motion to strike Ochoa's claim on the ground that it was not filed within thirty days and therefore, Ochoa lacked standing to contest the forfeiture. Ochoa filed a response to the motion to strike, and the State filed a reply.

¶ 6 The trial court held a hearing on March 2, 2009. After considering arguments of counsel, the court granted the State's motion to strike. The court found that A.R.S. § 13–4311 and Arizona case law interpreting that statute required strict compliance with the thirty-day time limit and that "one day late" [was] "too late." The trial court entered a formal order striking Ochoa's claim on March 4, 2009. Ochoa filed a timely notice of appeal from that order. We have jurisdiction pursuant to A.R.S. § 12–2101(D) (2003).

## DISCUSSION

¶ 7 On appeal, Ochoa contends the trial court should have exercised its discretion and allowed the claim. Citing *In re $70,269.91 U.S. Currency*, 172 Ariz. 15, 21, 833 P.2d 32, 38 (App.1991), he claims the court was required to consider certain enumerated factors "before deciding whether to allow a claim to proceed." In that regard, he argues that the State long knew about his interest in the property and that it was not prejudiced by the delay in filing of one day. He also argues that he made a good faith effort to file a timely claim because he signed the verified claim on December 4, 2008 and alleges he "transmitted it to prison officials no later than December 5, 2009." Finally, he requests that this court apply the "prison mailbox rule" as articulated by the United States Supreme Court in *Houston v. Lack,* 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that for purposes of complying with time limit for filing notice of appeal, the date a *pro se* prisoner gives a notice of appeal to prison authorities is deemed the filing date).

¶ 8 The State responds that the trial court did not have discretion to excuse Ochoa's failure to comply with the statutory deadline or to extend the deadline for filing because the statute and controlling case law mandate

that the claim be filed within thirty days. It further argues that even if the trial court had such discretion, Ochoa did not present sufficient facts to support his "asserted claim of an exemption from forfeiture" upon which the court could exercise that discretion. Finally, the State argues that this court should not apply the prison mailbox rule to this case because Ochoa did not make this argument below, that it does not apply to him because he was represented by counsel, and that he did not provide the court with evidence as to when he actually delivered the verified claim to prison authorities.

## Compliance with Time Limits under A.R.S. § 13–4311

¶ 9 We interpret statutes in accordance with the intent of the legislature, "look to the plain language of the statute ... as the best indicator" of its intent, and if the language is clear and unambiguous, "we give effect to that language." *Fragoso v. Fell,* 210 Ariz. 427, 430 ¶ 7, 111 P.3d 1027, 1030 (App.2005). Under A.R.S. § 13–4311, after the state files a civil in rem action and gives notice of pending forfeiture of seized property, "[a]n owner of or interest holder in the property may file a claim against the property within thirty days after the notice, for a hearing to adjudicate the validity of his claimed interest in the property." A.R.S. § 13–4311(D) (2001). The claim must be "signed by the claimant under penalty of perjury" and must set forth specific information regarding the claimant, the property, and the claimant's interest in the property. A.R.S. § 13–4311(E)(1)–(8). Pursuant to A.R.S. § 13–4311(F), "[c]opies of the claim shall be mailed to the seizing agency and to the attorney for the state. *No extension of time may be granted.*" (Emphasis added.) Under other provisions of A.R.S. § 13–4311, "the court is directed to speedily determine timely-filed claims and dispose of the proper-

ty." *State v. $5,500.00 in U.S. Currency,* 169 Ariz. 156, 158, 817 P.2d 960, 962 (App.1991).

¶ 10 Section 13–4311 "requires a person to become a 'claimant' in order to contest the action [which] entails the filing of a proper and *timely* claim asserting an interest in the property." *Id.* at 160, 817 P.2d at 964 (Emphasis added.) "If the claim is not *timely* filed, the person does not become a claimant and lacks standing to contest the forfeiture." *In re $47,611.31 U.S. Currency v. Counterman,* 196 Ariz. 1, 2, ¶ 4, 992 P.2d 1, 2 (App.1999) (Emphasis added).[1]

¶ 11 In the case of *In re $70,269.91 in U.S. Currency,* 172 Ariz. at 15, 833 P.2d at 38, which the trial court found dispositive, this court considered the circumstances under which a trial court may allow a claimant to amend a claim that fails to supply all the information required under A.R.S. § 13–4311(E). The court stated that the claimant "must satisfy two primary substantive concerns. First, the claimant must claim and verify a specific property interest ... [and][s]econd, the claimant must properly and *timely* file the claim." *Id.* at 20, 833 P.2d at 37. (Emphasis added.) The court held that once a claimant has met these substantive requirements, the trial court should consider whether to permit a claimant to amend a claim to "correct technical inadequacies" and set forth the factors to consider in making this determination. *Id.* at 20–21, 833 P.2d at 37–38. The court concluded that "[a] trial court should exercise its discretion to grant a claimant time to amend a technically deficient claim when 'the goals underlying the time restriction and the verification requirements are not thwarted.'" *Id.* at 21, 833 P.2d at 38 (quoting *United States v.1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1436 (9th Cir.1985)).[2] In reaching this result, the court noted that while A.R.S. § 13–4311(F) "limits a court's authority to extend the time for the initial *filing* of a claim; the provision,

---

1. Because an "in rem" action is "one which is *taken directly against property* ... so that [t]he property, then is the nominal defendant, and [the claimant] is merely a potential party." *$5,500.00,* 169 Ariz. at 158, 817 P.2d at 962. A claimant's right to appear "requires him to file a claim in order to become a party." *Id.*

2. In determining whether to allow amendments to cure technical defects, the court should consider "(1) whether the claimant advised the court and the government of his interest in the property ... (2) whether allowing the amendment would prejudice the government; and (3) whether the claimant made a good faith effort to comply with the ... filing requirements." *Id.*

**218**

however, does not deprive a trial court of discretionary power to grant a claimant additional time to perfect a timely claim that is in substantive, but not technical, compliance with A.R.S. § 13–4311(E)." *Id.*

■ ¶ 12 Like the trial court, we conclude that the requirement that a claim be timely filed under A.R.S. § 13–4311(D) is a substantive one that must be satisfied before a court may even consider whether to permit a claim to be amended to correct technical deficiencies under A.R.S. § 13–4311(E). The trial court.had no discretionary power to allow the filing of an untimely claim.

¶ 13 Ochoa, however, relies on the case of *In re $47,611.31,* 196 Ariz. at 4, 992 P.2d at 4, to support his argument that the trial court may grant relief from the "strict application of the statutory time limit of A.R.S. § 13–4311(D)." This case, however, is inapposite. There, this court held that when a claimant receives notice of forfeiture by mail, he has an additional five days under Rule 6(e) of the Arizona Rules of Civil Procedure to file his verified claim. *Id.* The court noted that under A.R.S. § 13–4311(B), a forfeiture action is "governed by the Arizona rules of civil procedure unless a different procedure is provided by law." *Id.* at 3, 992 P.2d at 3. It then determined that while A.R.S. § 13–4311(F) "prohibits the *granting* of an extension of the prescribed time, ... Rule 6(e) does not grant an extension but rather *automatically* enlarges the prescribed time[.]" *Id.* This court clearly recognized that as to the initial time for filing, the trial court has no power to enlarge the thirty-day time period. Here, because Ochoa was personally served, Rule 6(e) does not apply. Ochoa was required to file his claim within thirty days of service and failed to do so. The trial court had no discretion to permit a late filing of the claim.[3]

### Prison Mailbox Rule

■ ¶ 14 Ochoa next argues that this court should apply the prison mailbox rule and determine that the date he gave the claim to prison authorities is the date the claim was

"filed" for purposes of A.R.S. § 13–4311(D). *See Houston v. Lack,* 487 U.S. at 276, 108 S.Ct. 2379. Because Ochoa did not raise this issue below, we could deem that it was waived. *See Webber v. Grindle Audio Prod., Inc.,* 204 Ariz. 84, 90, ¶ 26, 60 P.3d 224, 230 (App.2002) ("It is settled that an appeal is not the appropriate place to consider issues or theories not presented below."); *Campbell v. Warren,* 151 Ariz. 207, 208, 726 P.2d 623, 624 (App.1986)(arguments not raised before the trial court cannot be asserted for the first time on appeal). However, the rule is not jurisdictional, and this court has discretion to consider a new argument on appeal when the issue is one of statewide importance, *Winsor v. Glasswerks PHX, L.L.C.,* 204 Ariz. 303, 309, n. 3, ¶ 20, 63 P.3d 1040, 1046, n. 3 (App.2003), or if adoption of a legal principle "will expedite enforcement of a right or redress an injustice." *Tellez v. Saban,* 188 Ariz. 165, 170, n. 3, 933 P.2d 1233, 1238, n. 3 (App.1996). Because those considerations apply here and involve an important property right, we exercise our discretion and address the issue presented.

¶ 15 In *Houston,* the United States Supreme Court held that a *pro se* prisoner's notice of appeal from a district court's denial of habeas relief is "filed," for purposes of the filing deadline, at the time it is delivered to prison authorities for forwarding to the district court. *Id.,* 487 U.S. at 276, 108 S.Ct. 2379. The Court explained that "[t]he situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners, cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline." *Id.* at 270–71, 108 S.Ct. 2379. Noting the various methods that non-prisoner litigants can take to ensure that a notice of appeal is timely filed, the Court stated that, "[p]ro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them." *Id.* at 271, 108 S.Ct. 2379.

---

**3.** Given the conclusion, we need not address the State's alternative argument that the claim is legally insufficient for other reasons.

¶ 16 The Court observed that a *pro se* prisoner is "unskilled in law, unaided by counsel, and unable to leave the prison." *Id.* Thus, he "cannot control or supervise" prison authorities who "may have every incentive to delay," [and] "[n]o matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped 'filed' on time." *Id.*[4]

¶ 17 Relying on the rationale developed in *Houston,* cases decided after it have concluded that the mailbox rule does not apply to prisoners who are represented by counsel. *See Cousin v. Lensing,* 310 F.3d 843, 847 (5th Cir.2002). There the Fifth Circuit Court of Appeals upheld the District Court's dismissal of a habeas petition as time-barred. The Court stated that "[t]he 'mailbox rule' constitutes an exception to the normal [time] requirements ... and is premised on 'this court's traditional disposition of leniency toward pro se litigants.' " *Id.* (quoting *Houston,* 487 U.S. at 270, 108 S.Ct. 2379.). However, "a prisoner litigant who is represented by counsel is not incapable of controlling the filing of pleadings. Instead, he has an agent through whom he can control the conduct of his action...." *Cousin,* 310 F.3d at 847. The court concluded that because a prisoner represented by counsel is not "dependent on the prison system or its officials ... to pursue an action or file necessary pleadings ... the justifications for leniency with respect to *pro se* litigants do not support extension of the 'mailbox rule' to prisoners represented by counsel." *Id.*

¶ 18 Similarly, in *Rutledge v. United States,* 230 F.3d 1041, 1051 (7th Cir.2000), the petitioner attempted to amend his habeas petition by letter. He mailed the letter to his counsel and sent a copy to the district court. The district court docketed the letter, but it was not timely filed for purposes of filing an amended petition. *Id.* at 1051. Petitioner claimed, *inter alia,* that the mailbox rule applied and that the date he handed the letter to prison authorities was the filing date, not the date it was docketed. *Id.* Although the Court determined that the letter was not a proper motion to amend, it also concluded that the mailbox rule did not apply to the petitioner because he was not acting *pro se* when he mailed the letter. *Id.* The Court noted that *Houston* "emphasizes the special difficulties faced by pro se prisoners," and "repeatedly stresses the possible unfairness of forcing prisoners to rely on prison authorities to deliver their legal papers in a timely manner," whereas a prisoner represented by counsel "does not need to rely on prison authorities." *Id.* at 1052. The court held that "the mailbox rule does not apply to prisoners who are represented by counsel." *Id. See also Nichols v. Bowersox,* 172 F.3d 1068, 1074 (8th Cir.1999) (using reasoning in *Houston* and holding that "[t]he prison mailbox rule traditionally and appropriately applies only to *pro se* inmates who may have no means to file legal documents except through the prison mail system") *overruled on other grounds by Riddle v. Kemna,* 523 F.3d 850 (8th Cir.2008); *Pearson v. Vaugh,* 984 F.Supp. 315, 316 (E.D.Pa.1997) (mailbox rule does not apply where prisoner mailed petition to his attorney for filing); *Coldren v. Pa. Bd. of Prob. and Parole,* 795 A.2d 457, 458 (Pa.Commw.Ct.2002) (stating that if petitioner is represented by counsel, "the rationale behind the prison mailbox rule would not apply.").

¶ 19 We also note that, "[c]ourts have been reluctant to extend the mailbox rule to the situation where a prisoner mails the petition to a [non-attorney] third party for filing." *See Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir.2002). There, the court determined that the mailbox rule did not apply to a *pro se* prisoner who sent a habeas petition to his daughter for filing. The court noted that to apply the rule in such a case "would allow prisoners to mail habeas petitions to third parties for substantive revisions while claiming their earlier mailing date as the filing date [and][i]n this manner, prisoners could

---

4. Arizona applies the prison mailbox rule to *pro se* prisoners filing a notice of appeal, *Mayer v. State,* 184 Ariz. 242, 245, 908 P.2d 56, 59 (App. 1995); a petition for post-conviction relief, *State v. Rosario,* 195 Ariz. 264, 266, ¶ 10, 987 P.2d 226, 228 (App.1999); and a petition for review to the Arizona Supreme Court, *State v. Goracke,* 210 Ariz. 20, 23, ¶ 13, 106 P.3d 1035, 1038 (App. 2005).

easily circumvent statutes of limitations." *Id. See also Paige v. United States,* 171 F.3d 559, 560–61 (8th Cir.1999) (holding that mailbox rule did not apply where prisoner mailed petition to brother for preparation and filing).

¶ 20 Here, the record is unclear as to precisely when counsel's representation began, when counsel sent the claim to Ochoa, when and how Ochoa returned it, or when counsel received the claim for filing. The record establishes, however, that Ochoa was represented by counsel on or before December 2, 2008, the date counsel signed the claim. Furthermore, as the State points out and as the record shows, Ochoa's counsel knew about the forfeiture action no later than July 14, 2008, when he filed a claim on behalf of another claimant and presumably was aware of the statutory requirements for filing a claim.

¶ 21 Although A.R.S. § 13–4311(E) requires that the claim be signed and verified by the claimant personally, Ochoa was not a *pro se* litigant prior to and at the time he mailed his verified claim. Because Ochoa was represented by counsel at that time, he was not forced to rely entirely on prison authorities or on the vagaries of the prison mail system to send his verified claim to the court for filing in a timely manner. Rather, he had an agent, skilled in the law, who could monitor and to some degree manage the process by which Ochoa received, verified and returned the claim for filing with the court. Because the concerns expressed in *Houston* are not present here and Ochoa is not entitled to the "leniency" traditionally afforded to *pro se* prisoners, the prison mailbox rule does not apply. *See Rutledge,* 230 F.3d at 1051 (where petitioner was "not *pro se* when he mailed the letter" attempting to amend his habeas petition, the mailbox rule did not apply). Because Ochoa's verified claim was not timely filed, he lacks standing to further contest the forfeiture action. *In re $47,611.31 U.S. Currency,* 196 Ariz. at 2, ¶ 4, 992 P.2d at 2.

## CONCLUSION

¶ 22 For the foregoing reasons, we affirm the order of the trial court striking Ochoa's verified claim.

CONCURRING: PHILIP HALL and JOHN C. GEMMILL, Judges.