NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of:

## $690.00 IN U.S. CURRENCY, AS DESCRIBED IN THE ATTACHED PROPERTY APPENDIX.

---

STATE OF ARIZONA, *Plaintiff/Appellee,*

*v.*

JOHN PARSONS, *Defendant/Appellant.*

No. 1 CA-CV 13-0688
FILED 11-06-2014

---

Appeal from the Superior Court in Maricopa County
No. CV2013-092825
The Honorable David King Udall, Judge

**AFFIRMED**

---

COUNSEL

Mesa City Prosecutor's Office, Mesa
By Roy E. Horton
*Counsel for Plaintiff/Appellee*

John James Parsons, Buckeye
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1 John James Parsons appeals the superior court's order dismissing his claim in this civil forfeiture action. Parsons argues that the court erred by denying his ownership claim to cash seized during a traffic stop and by allowing the State to move forward with civil forfeiture proceedings. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In late 2012, a Mesa police officer stopped Parsons's vehicle after observing him commit several moving violations. During the stop, Parsons informed the officer that he had both methamphetamine and heroin in the vehicle. In a post-*Miranda*[1] interview, Parsons admitted to selling drugs and to making "an approximate 30% profit on drug sales." Based on this information, the State seized $609 in cash found in Parsons's wallet at the time of his arrest.

¶3 In April 2013, the State filed a notice of pending forfeiture of the $609 and served Parsons with a copy of the notice. Parsons thereafter filed his first claim ("Claim 1") which alleged:

> I am claiming $609.00 that was taken unlawfully and is in possession of Mesa Police Department[.] I am including UCC-1 Financing Statement and Addendum which also gives me first lien on all assesets [sic] of John James Parsons, John J Parsons, and John Parsons Legal Fiction—Ens Legis/LCC

Parsons requested notarization services through Inmate Legal Services more than a week before filing, but such services were not made available and the document was not notarized.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶4 The State moved to strike Claim 1 based on Parsons's failure to specify his ownership interest in the seized property and his failure to sign under penalty of perjury as required by Arizona Revised Statutes ("A.R.S.") § 13-4311(E).[2] In response, Parsons moved to dismiss the State's motion, making several arguments alluding to his status as a sovereign citizen, including his "intent to peacefully and lawfully exist free of all statutory obligations . . . [and that] all property held by [him] is held under a claim of right."[3]

¶5 The superior court denied the State's motion to strike, finding that Parsons had made appropriate efforts while incarcerated to attempt to verify the claim. The court ordered that Parsons be given three weeks to amend his claim to be "substantively and technically compliant" with statutory claim requirements under A.R.S. § 13-4311(E). The court expressly required that Parsons verify the claim, and the court enumerated the statutory requirements, including the need for a description of the nature and extent of Parsons's alleged interest in the money, as well as how he obtained it. The court warned Parsons that his claim "shall be struck" if he did not comply with the statute.

¶6 Parsons filed a second claim ("Claim 2") in which he referred to himself as "owner and secure party/first lien holder" of the seized money, but provided no new information regarding how the property was acquired. In lieu of substantive facts, Parsons included a form asserting generally that his interest in the $609 was exempt from forfeiture. In detailing the nature and extent of his property interest, Parsons stated that "the money was taken from John Parsons and I am the secure party and first lien holder." Parsons further asserted that he acquired this interest in August 2012, the circumstances of which being that he is "first lien holder and secure party." In the facts section of the exemption claim—to explain why his interest was not subject to forfeiture—Parsons included only the following: "Amount under statutory amount §13-3401. SEC UCC-1 Financing Statement and Addendum." Parsons attached a UCC-1 Financing Statement and Addendum ("Financing Statement") to Claim 2, but the Financing Statement simply listed "John James Parsons" and "John

---

[2]     Absent material revisions after the relevant date, we cite a statute's current version.

[3]     The court acknowledged that, although Parsons did not formally file this motion with the Clerk, the State had received a copy and had indicated it would not be filing a response. The superior court then accepted and filed the motion.

J. Parsons" as debtors to the secured party "John James Parsons." Parsons included no further information to support his claim.

¶7        In response to Claim 2, the State again moved to strike, arguing that the claim failed to comply with the statutory directive requiring a description of the nature and extent of the alleged interest in the money, as well as how it was obtained. Parsons again moved to dismiss the State's motion, maintaining his argument that the Financing Statement adequately established his property interest in the seized money.

¶8        The superior court granted the State's motion, denied Parsons's motion to dismiss, and struck Parsons's claim. Parsons then filed a notice of appeal from the order striking his claim. The superior court thereafter issued an order of forfeiture, finding that no legally sufficient claims to the $609 had been filed and forfeiting the money in light of probable cause to believe it had been acquired or used for illegal drug sales.

¶9        Although Parsons appealed prior to the superior court's forfeiture order, we have jurisdiction under A.R.S. § 12-2101(A)(3). *See State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, 216, ¶ 6, 228 P.3d 950, 952 (App. 2010).

## DISCUSSION

¶10        "Dismissal of a forfeiture claim for failure to comply with procedural requirements is reviewed for abuse of discretion." *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1011 (9th Cir. 2013); *see also Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45, 211 P.3d 1235, 1250 (App. 2009) ("A court's decision to strike pleadings is reviewed for an abuse of discretion."). We accept the superior court's factual findings unless clearly erroneous. *In re Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, 217 Ariz. 199, 202, ¶ 12, 171 P.3d 1240, 1243 (App. 2007). Here, Parsons alleges several grounds for appeal with respect to his self-proclaimed status as a secured party creditor, in addition to what he argues is his constitutional right to a jury trial.

¶11        To proceed with a claim in a civil forfeiture action, the claimant must allege a valid and specific interest in the property. *State ex rel. Horne v. Campos*, 226 Ariz. 424, 428, ¶ 14, 250 P.3d 201, 205 (App. 2011); *Ochoa*, 224 Ariz. at 217, ¶ 9, 228 P.3d at 953. Under A.R.S. § 13-4311(E), an owner or interest holder in property subject to forfeiture can assert an interest in the property by filing a notarized claim that includes the following information:

1.  The caption of the proceeding as set forth on the notice of pending forfeiture or complaint and the name of the claimant.

2.  The address at which the claimant will accept future mailings from the court or attorney for the state.

3.  The nature and extent of the claimant's interest in the property.

4.  The date, the identity of the transferor and the circumstances of the claimant's acquisition of the interest in the property.

5.  The specific provisions of this chapter relied on in asserting that the property is not subject to forfeiture.

6.  All facts supporting each such assertion.

7.  Any additional facts supporting the claimant's claim.

8.  The precise relief sought.

If a claimant does not provide the information required by § 13-4311(E), the superior court may strike the claim; if, however, "a claimant, after filing a claim that substantially complies with A.R.S. § 13-4311 and satisfies basic substantive concerns, requests an opportunity to amend the claim, the court should consider permitting the owner or interest holder to amend the claim to correct technical inadequacies." *State v. Benson*, 172 Ariz. 15, 20–21, 833 P.2d 32, 37–38 (App. 1991).

¶12            In its forfeiture notice, the State advised Parsons that "any person claiming a lawful interest in any of the seized property" must comply with A.R.S. § 13-4311(D), (E), and (F). Nevertheless, Parsons's Claim 1 failed to comply with the statute, both substantively and technically. Parsons did not include information explaining his property interest in the money taken from him at the time of his arrest. The superior court, finding that Parsons had made an effort to comply with the statute by requesting notary services, gave him an opportunity to amend his deficient claim, but the court expressly warned Parsons that if his amended claim failed to comply with the statute, it would be stricken. The court also included a list of the statutory requirements.

¶13            Despite having this opportunity to amend, Parsons failed to include any of the necessary information in his second claim. Claim 2 again

failed to describe Parsons's interest in the $609 or when and how (apart from drug sales) he acquired the money.

¶14 Parsons argues that the UCC-1 Financing Statement sufficiently described his property interest in the seized money. But neither the Financing Statement nor either of Parsons's claims provided the superior court with any information regarding how he obtained the money, from where he obtained it, or why it was exempt from forfeiture. Because Parsons gave the court no indication regarding how he obtained the money, the superior court did not abuse its discretion by striking Parsons's noncompliant claim.

## CONCLUSION

¶15 For the foregoing reasons, we affirm the superior court's order striking Parsons's claim.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh