# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank A. Little,                         :
              Petitioner       :
                                :
         v.                              :   No. 2707 C.D. 2015
                                :   Submitted: June 3, 2016
Pennsylvania Board of Probation     :
and Parole,                              :
              Respondent       :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE SIMPSON             FILED: October 12, 2016


Frank A. Little (Little) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve six months' backtime as a convicted parole violator, to serve nine months concurrently for a new offense, and recalculated his maximum sentence date. Little's appointed counsel, Luzerne County Public Defender, Richard C. Shiptoski, Esquire (Counsel), filed a petition for leave to withdraw as counsel on the ground that Little's appeal lacks merit. Upon review, we affirm the Board's order, and we grant Counsel's petition to withdraw.

## I. Background

In 1994, Little was originally sentenced to a term of 10 to 20 years in prison for third degree murder. This sentence contained a maximum sentence date of February 18, 2014. Certified Record (C.R.) at 1.

After unsuccessful attempts at treatment and parole, in November 2010 the Board re-paroled Little to an approved residence in Delaware. C.R. at 28-31. Unfortunately, Little was subsequently arrested and convicted of crimes committed in Delaware. C.R. at 33, 36-41, 47. In light of his time-served/suspended sentence in Delaware, Little was returned to Pennsylvania and lodged in a state correctional institution. C.R. 47. In September 2011, Little was formally charged with parole violations. C.R. at 35, 59.

By Board action later in 2011, Little's re-parole was revoked, and he was recommitted as a technical parole violator (consumption of alcohol) and as a convicted parole violator (criminal trespass) with a recalculated maximum sentence date of July 2, 2017. C.R. at 59.

The Board subsequently denied Little re-parole on several occasions in 2012, 2013, 2014 and 2015. C.R. at 61-69.

Little, representing himself, filed a petition for administrative relief on October 27, 2015, asserting the Board lacked jurisdiction to keep him incarcerated beyond his "[c]ontrolling [m]aximum [d]ate" of February 18, 2014. C.R. at 70-73. The Board subsequently dismissed Little's petition for administrative relief. C.R. at 75. It deemed Little's appeal an attempt to challenge his maximum sentence date of July 2, 2017, which the Board recalculated in its 2011 order. Because Little did not appeal that order within 30 days and did not set forth grounds for an appeal *nunc pro tunc*, the Board deemed Little's appeal untimely. Id. In any event, the Board noted, its decision to recommit Little as a convicted parole

2

violator gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the period he was at liberty on parole. Id. (citing 61 Pa. C.S. §6138(a)(2)).

Thereafter, Little filed an uncounseled petition for review to this Court and an application to proceed *in forma pauperis*. In the petition for review, Little asserts the Board: 1) should reconsider its order of October 5, 2015; 2) abused its discretion by denying him credit against his original maximum sentence while he was at liberty on parole when his new conviction was for criminal trespass, not a crime of violence[1] or one requiring registration pursuant to Pennsylvania's Sexual Offender Registration and Notification Act;[2] 3) erred by failing to provide him with a reason for denying credit against his original maximum sentence, especially since the Board's determination is subject to judicial review pursuant to Article V, Section 9 of the Pennsylvania Constitution.

Little seeks review of the Board's decision and requests that this Court vacate the Board's order denying his administrative appeal and remand to the Board. This Court appointed Counsel to represent Little in this appeal. Counsel filed an application to withdraw and an Anders[3] brief in support. These matters are now before us for disposition.

---

[1] Section 9714(g) of the Sentencing Code, 42 Pa. C.S. §9714(g), provides for a mandatory sentence for a second or subsequent offense of a crime of violence to any person convicted in a court of this Commonwealth of a previous crime of violence. 42 Pa. C.S. §9714(g).

[2] Sections 9799.10–9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10–9799.41.

[3] Anders v. California, 386 U.S. 738 (1967).
**(Footnote continued on next page…)**

3

## II. Discussion

Before addressing Little's petition for review, we first consider whether Counsel fulfilled the technical requirements for a petition to withdraw from representation.[4]

### A. Petition to Withdraw

When counsel believes an appeal is without merit, he may file a petition to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the extent of counsel's diligent review of the case, listing the issues the petitioner wants the Court to review, explaining why and how those issues lack merit, and requesting permission to withdraw. Id.

We will not deny an application to withdraw when an attorney files an Anders brief where a no-merit letter would suffice. Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc). The no-merit letter or Anders brief must include "substantial reasons for concluding that a petitioner's arguments are meritless." Jefferson v. Pa. Bd. of Prob. and Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998).

**(continued…)**

---

[4] Little does not challenge the revocation of his parole. He entered a plea to two offenses and acknowledged his convictions. Rather, he challenges the extension of his parole violation maximum date and denial of credit toward his maximum parole sentence. Therefore, Little has a statutory right to counsel as opposed to a constitutional right. Accordingly, a no-merit letter would have sufficed. Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter or Anders brief; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed by representing himself. Turner; Hughes; Reavis v. Pa. Bd. of Prob. and Parole, 909 A.2d 28 (Pa. Cmwlth. 2006). If counsel satisfies these technical requirements, this Court must conduct an independent review of the merits of the case. Turner; Hughes. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. Turner; Hughes.

Here, Counsel satisfied the technical requirements of Turner. The petition to withdraw sets forth the procedural history of the case, reflecting his review of the record. Counsel states he conducted a conscientious and thorough review of the record and applicable statutes and case law. He sets forth the issues Little raised on appeal to the Board. Counsel then analyzed why the issues lack merit, citing law in support where applicable.

Counsel established he reviewed the grounds Little raised in challenging the Board's order as follows. First, in his Anders brief, Counsel addressed Little's request in his petition for administrative relief to reconsider the Board's decision dated "October 5, 2015." C.R. at 70. In addressing reconsideration of the Board's decision, Counsel addressed Little's implied issue that the Board erred in dismissing his 2015 administrative appeal as untimely.

5

Second, Counsel explained the Board's authority to impose a sentence beyond the time period set by the sentencing court, and in doing so, denying Little credit for his time at liberty on parole under Section 6138(a)(2) of the Prisons and Parole Code (Code), 61 Pa. C.S. §6138(a)(2).

Third, Counsel addressed the Board's alleged abuse of discretion for denying backtime credit toward Little's maximum parole date. Counsel stated the Board denied Little credit after his conviction on the new criminal charge in Delaware, thus extending Little's maximum sentence date. See C.R. at 59. Counsel further identifies that this matter was not previously raised by Little. To this end, Counsel identified that where the Board dismissed a petition for administrative relief as untimely, the Court cannot consider arguments contained within the petition. Pometti v. Pa. Bd. of Prob. & Parole, 705 A.2d 953 (Pa. Cmwlth. 1998); C.R. 75.

Counsel also satisfied the procedural requirements for withdrawal. He provided Little with a copy of his petition to withdraw and his Anders brief, informing him of his determination that there were no non-frivolous issues in the appeal, and that Little could retain an attorney or submit his own brief. Counsel's petition to withdraw summarized the procedural history and relevant facts, discussed the issues raised in Little's administrative appeal, and explained his determination that these grounds lack merit.

As we are satisfied that Counsel discharged his responsibility in complying with the requirements of Turner, we now conduct our independent

6

review to determine whether the issues Little raised in his petition for review lack merit.

## B. Independent Review

In his appeal,[5] Little raises several issues. Little impliedly asserts the Board erred by determining his 2015 petition was untimely. He also argues the Board abused its discretion by denying him credit against his original maximum sentence while he was at liberty on parole when his Delaware conviction was for criminal trespass, not a crime of violence or one requiring registration pursuant to Pennsylvania's Sexual Offender Registration and Notification Act. Finally, Little assigns error to the Board's failing to provide him with a reason for denying credit against his original maximum sentence, noting that the Board's review is subject to judicial review pursuant to Article V, Section 9 of the Pennsylvania Constitution. He did not file a brief in support of his petition.

## 1. Timeliness of Appeal

Little referenced a Board decision in October, 2015, thereby implying that his October, 2015, petition was timely. However, Little's objection references the Board's 2015 decision to deny re-parole. That decision merely reiterated the maximum sentence date first stated by the Board in 2011. Therefore, there is no factual basis for Little's implied challenge to the Board's determination of an untimely challenge to the 2011 determination of maximum sentence date.

---

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; Miskovitch v. Pa. Bd. of Prob. and Parole, 77 A.3d 66 (Pa. Cmwlth. 2013).

Legally, there is no merit to Little's assertion on this issue. Little's appeal to the Board was filed *four years* after the Board's 2011 decision. The Board's regulations provide that appeals shall be received by the Board within 30 days of the Board's order. 37 Pa. Code §37.1(a)(i); see also Coldren v. Pa. Bd. of Prob. & Parole, 795 A.2d 457 (Pa. Cmwlth. 2002) (a *pro se* prisoner's appeal is deemed to be filed when it is deposited with prison officials or placed in the prison's mailbox).

The Board lacks jurisdiction over a petition for administrative relief filed after the expiration of the 30-day appeal period. Pometti. This time period cannot be extended absent a showing of fraud or a breakdown of the administrative process. Smith v. Pa. Bd. of Prob. & Parole, 81 A.3d 1091 (Pa. Cmwlth. 2013).

In addition, a petitioner requesting *nunc pro tunc* relief must proceed with reasonable diligence once he knows of the necessity to take action. Kaminski v. Montgomery Cnty. Bd. of Assessment Appeals, 657 A.2d 1028 (Pa. Cmwlth. 1995). "A party seeking permission to file a *nunc pro tunc* appeal ... needs to establish that: (1) [he] filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay." J.A. v. Dep't of Pub. Welfare, 873 A.2d 782, 785 n. 4 (Pa. Cmwlth. 2005). Here, Little's 2015 petition for administrative relief was filed four years after the Board's 2011 decision, and he does not assert any breakdown in the administrative process or other grounds to justify a *nunc pro tunc* appeal. C.R. at 70-73. For these reasons, Little cannot prevail on any assertion that his petition was timely.

## 2. Sentencing Beyond Original Maximum Release Date

Little next argues the backtime imposed by the Board exceeds the remaining balance of his original maximum release date imposed by the sentencing court. As part of his challenge, Little contends that he is entitled to credit for the time he was "at liberty on parole in good standing," from the date of his release on parole in June 2010, until his arrest in Delaware in August 2011. See Pet. for Rev. at 5, ¶14A.

However, in 2011 when the Board denied credit for time spent by Little at liberty on parole, the controlling statute provided:

> [i]f the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2).[6]

Generally, parole violators convicted of a new crime are not entitled to any credit while at liberty on parole. Richards v. Pa. Bd. of Prob. & Parole, 20 A.3d 596 (Pa. Cmwlth. 2011). The Board's power to deny credit for time at liberty

---

[6] 61 Pa. C.S. §6138(a)(2.1) (which provides the Board with discretion to award credit toward a convicted parole violator's maximum term expiration date for time spent at liberty on parole) was added by the Act of July 5, 2012, P.L. 1050, No. 122, effective September 4, 2012. The Board's decision challenged by Little was rendered on October 26, 2011, before 61 Pa. C.S. §6138(a)(2.1) became effective. Consequently, the current version of 61 Pa. C.S. §6138(b)(2.1) is not applicable to this matter.

on parole in good standing is not an encroachment upon judicial sentencing power. Young v. Pa. Bd. of Prob. & Parole, 409 A.2d 843 (Pa. 1979).

Consequently, when a parolee is recommitted based on a criminal conviction, his maximum sentence date may be extended to account for all time at liberty on parole. From our independent review of the record, Little was not entitled as a matter of law to a credit for his 2010-2011 time at liberty on parole. His argument to the contrary lacks merit.

### 3. Lack of Reason for Denying Credit

Little next argues the Board did not provide a reason for denying him credit for his time at liberty on parole. As to the conviction, the Board stated, "CONVICTION IN A COURT OF RECORD ESTABLISHED." C.R. at 59. Moreover, the Board stated, "NOT AMENABLE TO BOARD SUPERVISION." Id.

As discussed in the forgoing section, at the time of the Board's contested action in 2011, the controlling statute did not allow the Board to grant credit to a convicted parole violator for time at liberty on parole, and the statute did not suggest the Board had any responsibility to explain its reason for not allowing such a credit. Therefore, there is no legal support for Little's assertion on this issue.

In any event, our review of the record reveals Little did not previously raise this issue before the Board in his 2015 appeal. C.R. 70-73; see also C.R. 75. Issues not raised before the Board in an administrative appeal are waived. McCaskill v. Pa. Bd. of Prob. & Parole, 631 A.2d 1092 (Pa. Cmwlth. 1993).

10

For the foregoing reasons, we agree with Counsel that Little's claims lack merit. Accordingly, we grant Counsel's petition to withdraw, and we affirm the order of the Board.

_____
ROBERT SIMPSON, Judge

Judge Cosgrove did not participate in the decision in this case.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank A. Little,                          :
                    Petitioner            :
                                          :
            v.                            :    No. 2707 C.D. 2015
                                          :
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :

# **O R D E R**

     **AND NOW**, this 12th day of October, 2016, Richard C. Shiptoski, Esquire's Application to Withdraw is **GRANTED**, and the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.


                                       _____

                                       ROBERT SIMPSON, Judge