992 P.2d 1

In the Matter of FORTY–SEVEN THOU-
SAND SIX HUNDRED ELEVEN DOL-
LARS AND THIRTY–ONE CENTS
(47,611.31) U.S. CURRENCY.

State of Arizona, Appellee,

v.

Sarah Counterman and Gyro
Counterman, Claimants–
Appellants.

No. 1 CA–CV 98–0180.

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 19, 1999.

Review Denied Oct. 26, 1999.

Charles R. Hastings, Yavapai County At-
torney by Thomas M. Stoxen, Deputy County
Attorney, Prescott, Attorneys for Appellee.

Ray & Adair, P.L.L.C. by C. Kenneth Ray,
II, Prescott, Attorneys for Appellants.

OPINION

GRANT, Judge.

¶ 1   The Claimants–Appellants ("Counter-
mans") in this civil *in rem* forfeiture proceed-
ing argue that the trial court erred in deter-
mining that their claim was not timely filed.
We hold that Rule 6(e) of the Arizona Rules
of Civil Procedure gives the Countermans
five additional days to file a claim when the
State gives them notice of the pending forfei-
ture by mail.

**FACTS AND PROCEDURAL HISTORY**

¶ 2   On August 22, 1997, the State insti-
tuted forfeiture proceedings against the mon-
ey involved here by filing a notice of seizure
for forfeiture and notice of pending forfeiture
in the superior court.   On August 26, the
State mailed a copy of the notice to the
Countermans at their home in Durand, Mich-
igan.   The Countermans received the notice
on September 2. On September 28, the State
filed an *in rem* complaint to forfeit the prop-
erty.   On September 29, it filed an applica-
tion for order of forfeiture.   The Counter-
mans filed their claim on September 30.

¶ 3   The trial court entered an order of
forfeiture on October 3. The Countermans
filed a motion for relief from the forfeiture
order, which the court denied.   The Counter-
mans appealed.   We have jurisdiction under
Arizona   Revised   Statutes   Annotated
("A.R.S.") section 12–2101(C).[1]

---

1.  The notice of appeal was premature because no
formal order denying the motion for relief from
judgment had yet been entered.   Counsel evi-

dently became aware of this deficiency when he
completed the docketing statement for this ap-
peal, *see* Rule 12(e), Arizona Rules of Civil Appel-

## DISCUSSION

¶ 4 An owner or person interested in property may contest forfeiture by filing a claim. A.R.S. § 13–4311(D). If the claim is not timely filed, the person does not become a claimant and lacks standing to contest the forfeiture. *State v. Five Thousand Five Hundred Dollars (Chaison)*, 169 Ariz. 156, 157–58, 817 P.2d 960, 961–62 (App.1991).

¶ 5 The Countermans argue that their claim was timely filed and the trial court erred in not setting aside the forfeiture order. They assert that the claim was timely because they filed it within thirty days after they received the notice of pending forfeiture. They alternatively argue that they had five additional days because the State served the notice of pending forfeiture by mail.

### I. A Claim Must Be Filed Within Thirty Days of the "Effective" Date of the Notice of Pending Forfeiture

¶ 6 We first reject the Countermans' contention that their claim was timely because it was filed within thirty days of the date they received the notice of pending forfeiture in the mail. Section 13–4311(D) provides: "An owner of or interest holder in the property may file a claim against the property, within thirty days after the notice, for a hearing to adjudicate the validity of his claimed interest in the property." The "notice" referred to is the notice of pending forfeiture. *State v. Chaison*, 169 Ariz. at 158 n. 4, 817 P.2d at 962 n. 4. Section 13–4311(D) is confusing: it purports to set the deadline after a thing—the notice—rather than an event. However, as we explain below, the statute's intent is to establish the deadline at thirty days after the notice of pending forfeiture has become effective, that is, after it has been "given or provided" under A.R.S. section 13–4307.

¶ 7 Section 13–4307 governs the procedure for giving or providing notice of pending forfeiture:

Whenever notice of pending forfeiture is required under this chapter it shall be given or provided in one of the following ways and is effective at the time of personal service, publication or the mailing of written notice, whichever is earlier:

1. If the owner's or interest holder's name and current address are known by either:
   (a) Personal service.
   (b) Mailing a copy of the notice by certified mail to the address.

2. If the owner's or interest holder's interest is required by law to be on record with a county recorder's office, the secretary of state, the department of transportation motor vehicle division, the game and fish department, or another state or federal licensing agency in order to perfect an interest in the property, but his current address is not known, by mailing a copy of the notice by certified mail to any address on the record.

3. If the owner's or interest holder's address is not known, and is not on record as provided in paragraph 2, or if his interest is not known, by publication in one issue of a newspaper of general circulation in the county in which the seizure occurs.

¶ 8 When, as here, the notice is given by mail, the legislature evidently intended the thirty-day period in A.R.S. section 13–4311(D) to begin from the date of mailing because it provided that the notice is "effective" on that date. A.R.S. § 13–4307. This is sensible because it brings predictability to forfeiture proceedings. Under A.R.S. section 13–4314(A), the State may apply for an order of forfeiture if no timely claims have been filed. Making the notice effective as of the date it is mailed (or personally delivered, or published, as the case may be) gives the State an ascertainable date from which to calculate the time period. Problems would arise if the State had to calculate the deadline from the date the potential claimant actually received the notice. The potential claimant could delay the proceedings by refusing to accept delivery of a mailed notice. And when the notice is published, the State could not know when, or even if, the person

late Procedure, because he then lodged a form of order, which the court entered. The notice of appeal thus gave us jurisdiction. *See Barassi v.*

*Matison,* 130 Ariz. 418, 419, 636 P.2d 1200, 1201 (1981).

received the notice. *Cf. Thielking v. Kirschner*, 176 Ariz. 154, 159, 859 P.2d 777, 782 (App.1993).

¶ 9 We hold that under A.R.S. section 13–4311(D), the claim must be filed within thirty days after the effective date of the notice of pending forfeiture. When the notice is given or provided by certified mail, the effective date is the date of mailing. In this case, that date was August 26, not September 2.

## II. When the Notice of Pending Forfeiture Is Mailed, a Potential Claimant Has Five Additional Days to File a Claim

¶ 10 The question then becomes: How many days after August 26 did the Countermans have to file their claim? The Countermans argue that because the State gave them notice of the pending forfeiture by mail, they had five additional days under Civil Rule 6(e):

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served by mail, five calendar days shall be added to the prescribed period. This rule has no application to the mailing of notice of entry of judgment required by Rule 77(g).

Ariz. R. Civ. P. 6(e). Adding five days would move the deadline to September 30, the date on which the Countermans filed their claim. The State argues that the rules of civil procedure do not apply to filing a claim, and even if they do, Rule 6(e) by its own terms does not. We reject both notions.

¶ 11 "Judicial in rem forfeiture proceedings are in the nature of an action in rem and are governed by the rules of civil procedure unless a different procedure is provided

by law." A.R.S. § 13–4311(B). The State contends that the procedure of A.R.S. section 13–4307 for giving notice is the "different procedure" envisioned by A.R.S. section 13–4311(B) and the rules of civil procedure therefore do not apply.[2] The State is correct in one respect: A.R.S. section 13–4307 does provide the procedure for serving the notice of pending forfeiture. Thus, the procedural rules for service of papers[3] do not apply to service of the notice. It does not follow, however, that other procedural rules are thus supplanted. Rule 6 does not pertain to service but rather to time: its computation, enlargement, and additional time after service by mail. Rule 6(a), (b), (e), Ariz. R. Civ. P. The forfeiture chapter has no corresponding provision regarding time. Given this vacuum, A.R.S. section 13–4311(B) provides that the pertinent rules of civil procedure govern.

¶ 12 Section 13–4311(F) states that "[n]o extension of time for the filing of a claim may be granted." The State argues that this precludes Rule 6(e) from adding time. We disagree. The statute prohibits the *granting* of an extension of the prescribed time, something that connotes a conscious act. *See* RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE at 615 (unabridged ed.1981) ("grant" means "to bestow or confer, esp. by a formal act" or "to give or accord: *to grant permission*"). Section 13–4311(F) thus precludes the State from stipulating to an extension and the judge from granting a motion to extend. By contrast, Rule 6(e) does not grant an extension but rather *automatically* enlarges the prescribed time: "Whenever ... the notice or paper is served by mail, five calendar days shall be added to the prescribed period." A.R.S. section 13–4311(F) therefore does not preclude Rule 6(e) from adding additional time to file a claim.

---

2. In denying the Countermans' motion, the trial court stated:

   A.R.S. § 13–4311(A) indicates that the state may obtain service "in the manner provided by § 13–4307 or by the rules of civil procedure." This language appears to be the legislature's recognition of the distinction between the rule and the statute. Further, the language appears to allow the state, in this instance, to elect how to obtain service.

   A.R.S. section 13–4311(A) applies to service of the complaint, not the notice of pending forfeiture, and is therefore irrelevant here.

3. *See* Rule 4.1 (service of process within Arizona); Rule 4.2 (service of process without Arizona); Rule 5 (service of pleadings and other papers).

¶ 13 Having decided that the provisions of the forfeiture chapter do not preclude application of Rule 6(e), we must decide whether it applies by its own terms. As noted above, the rule applies when the deadline runs from the date of "the service of a notice ... and the notice ... is served by mail...." In *Thielking v. Kirschner*, 176 Ariz. 154, 859 P.2d 777 (App.1993), we reviewed cases that examined whether Rule 6(e) applies in various contexts and distilled the following rule: If the time is triggered by the *filing* or *mailing* of the paper, Rule 6(e) does not apply; on the other hand, if the trigger point is *service* of the paper, Rule 6(e) does apply. 176 Ariz. at 158–59, 859 P.2d at 781–82 (citing *Baker Int'l Assoc., Inc. v. Shanwick Int'l Corp.*, 174 Ariz. 580, 582–83, 851 P.2d 1379, 1381–82 (App.1993)) (Rule 6(e) does not apply when time is computed from date of filing); *Smith v. Arizona Dep't of Corrections*, 135 Ariz. 160, 162, 659 P.2d 1305, 1307 (App.1982) (same); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975) (Federal Rule 6(e) applies only to periods counted from date of service, not those counted from date of mailing); *see also Dioguardi v. Superior Court*, 184 Ariz. 414, 418 n. 2, 909 P.2d 481, 485 n. 2 (App.1995) (Rule 6(e) does not apply to Rule 59, which is tied to entry—not service—of judgment); *Korens v. Arizona Dep't of Economic Sec.*, 129 Ariz. 426, 428 n. 4, 631 P.2d 581, 583 n. 4 (App. 1981) (Rule 6(e) does not apply when time is computed from date of mailing); *Anderson v. Fidelity Southern Ins. Corp.*, 119 Ariz. 563, 565, 582 P.2d 653, 655 (App.1978) (Rule 6(e) not applicable because trigger date was filing date).

¶ 14 Thus, the key is whether the time period is triggered by service—in which case the time-extending rule applies—or by some other event, such as filing or mailing—in which case it does not. Section 13–4311(D) gives the potential claimant thirty days "after the notice." Earlier in this opinion we interpreted that phrase to mean within thirty days after the effective date of the notice, and under A.R.S. section 13–4307 the effective date is when it is "given or provided." This is synonymous with "service": both connote delivery of the paper. Thus, Rule 6(e) does apply.

¶ 15 We reject the State's argument that A.R.S. section 13–4311(D) is tied specifically to mailing. Mailing is but one of the three ways the notice of pending forfeiture may be given or provided.

¶ 16 Because notice can be given or provided by various methods, including personal service or mailing, additional time should be allowed when it is mailed. Had the triggering event been mailing, then we could safely assume that in setting the deadline the legislature took into account the inherent delays. The situation is different where, as here, the time is triggered when the notice is served ("given or provided"). Time should be added when service is effected by mail because papers served by mail take time to arrive, and fairness dictates that additional time be allowed to compensate for the delay:

> [Rule 6(e) ] clearly is intended to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond ...; the additional [five] days ... represent a reasonable transmission time, and a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt, which in many cases would be unverifiable.

*Thielking*, 176 Ariz. at 159, 859 P.2d at 782 (quoting 4A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1171 at 514–15 (1987) (footnotes omitted)). We conclude that "giv[ing] or provid[ing]" the notice is synonymous with serving it, and Rule 6(e) applies. The Countermans therefore had five additional days to file their claim, and they timely filed this claim on September 30.

## CONCLUSION

¶ 17 The judgment is reversed and the cause is remanded for further proceedings.

CONCURRING: RUDOLPH J. GERBER, Presiding Judge, and NOEL FIDEL, Judge.