NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In the Matter of:

2000 PETERBILT TRACTOR & TRAILER, WA LIC: 19601RP, VIN: 1XPSD69X2YD479117; $12,500.00 U.S. CURRENCY; SEIZED IN MCSO #13-073240.

STATE OF ARIZONA ex rel. MARK BRNOVICH, *Plaintiff/Appellee*,

*v.*

RAFAEL CISNEROS-RUIZ, a single man, *Claimant/Defendant/Appellant*.

No. 1 CA-CV 14-0763
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-009164; CV2013-012378; CV2013-012889 (Consolidated)
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kenneth R. Hughes
*Counsel for Plaintiff/Appellee*

Thomas S. Hartzell, Tucson
*Counsel for Claimant/Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

**¶1**        Rafael Cisneros-Ruiz appeals the trial court's order granting an *in rem* forfeiture of currency, a semi-truck, and a trailer. Cisneros argues he did not timely waive service and that, because he was not thereafter properly served, he was not required to answer the State's complaint within the limitations period set forth in Arizona Revised Statutes (A.R.S.) section 13-4311(G)[1] or the extended period allowed in exchange for waiving service. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In April 2013, law enforcement officers performed a traffic stop on a semi-truck Cisneros was driving. Cisneros consented to a search of the truck, and the officers found $9,000 in a bag under the passenger seat. The police also found $3,564 in Cisneros's pocket. Cisneros was arrested on suspicion of money laundering, and the money, truck, and trailer were seized. An additional $31,040 was discovered hidden behind the dashboard after the truck was impounded, and these funds were also seized.

**¶3**        In September 2013, the State filed a notice of pending *in rem* and *in personam* forfeiture, a copy of which was sent to Cisneros via certified mail.[2] The following month, Cisneros filed a claim "against forfeiture and for return of seized property" in the State's forfeiture action. In his claim,

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

[2]        Cisneros was already actively seeking the return of this property having previously filed in two separate actions a complaint in July 2013 against the Maricopa County sheriff and a "Petition for Order to Show Cause Why Property Should Not be Returned" in September 2013. The trial court consolidated these cases with the State's case in December 2013.

Cisneros directed that all future mailings be sent to his legal counsel at an address he provided.

¶4       On October 31, 2013, the State filed a complaint in the forfeiture action. On November 4, 2013, the State mailed the forfeiture complaint to Cisneros at the address he had provided in his claim. The complaint was accompanied by a request for waiver of service pursuant to Arizona Rule of Civil Procedure 4.1(c). Thirty-seven days after the complaint and waiver request were mailed, on December 11, 2013, Cisneros's attorney signed the waiver of service form for Cisneros and returned it to the State. Then, on January 14, 2014 — thirty-four days after his attorney returned the waiver of service form and seventy-one days after the complaint and waiver request were mailed to him — Cisneros filed an answer to the forfeiture complaint.

¶5       In February 2014, the State filed an application for an order of *in rem* forfeiture pursuant to A.R.S. § 13-4311(G) alleging Cisneros's answer was untimely. After oral argument, the trial court granted the State's application, dismissed Cisneros's claims, and ordered all property seized from Cisneros be forfeited *in rem*. Cisneros timely appealed, and, because Cisneros made a timely claim against the property pursuant to A.R.S. § 13-4311, we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1). *See State ex rel. Goddard v. Ochoa*, 224 Ariz. 214, 215, 217, ¶¶ 6, 10 (App. 2010) (noting a person must make a timely and valid claim against seized property under A.R.S. § 13-4311 in order to have standing to contest a forfeiture action) (citing *In re $47,611.31 U.S. Currency*, 196 Ariz. 1, 2, ¶ 4 (App. 1999)).

## DISCUSSION

¶6       Cisneros asserts his waiver of service was ineffective because the waiver form was signed and returned outside the thirty-day window specified within the waiver form, and therefore no deadline to file an answer had been triggered because he was not otherwise served with the complaint. Interpretation of the effectiveness of a waiver of service is a question of law, which we review *de novo*. *See Duckstein v. Wolf*, 230 Ariz. 227, 282, ¶ 8 (App. 2012) (noting the interpretation of court rules requires *de novo* review) (citing *State v. Bryant*, 219 Ariz. 514, 516, ¶ 4 (App. 2008), and *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8 (App. 2001)).

¶7       The State argues it could have served Cisneros pursuant to either the procedures set forth in A.R.S. § 13-4307 or the Arizona Rules of

Civil Procedure and that service of a summons was unnecessary here. We agree.

**¶8**        Pursuant to A.R.S. § 13-4311(A), the State may serve a forfeiture complaint "in the manner provided by [A.R.S.] § 13-4307 *or* by the Arizona rules of civil procedure." (Emphasis added). Under Rule 4 or 4.1, personal service is not required when, as here, a party has already appeared in a case. *See Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009) (concluding, after comparing Arizona Rules of Civil Procedure 4 and 5(c), and Arizona Rules of Family Law Procedure 41 and 43(C), that "[t]he rules governing service differ significantly depending on whether a party to be served has made an 'appearance'"). A party appears when he "take[s] any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Id.* (citing *Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003); and *Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 477 (1969)).

**¶9**        After an appearance is made, service is governed by Rule 5(c). If a party is represented by an attorney, Rule 5(c) mandates that the attorney be served "unless the court orders service on the party." Service can be made by "[m]ailing it via U.S. mail to the person's last known address — in which event service is complete upon mailing." Ariz. R. Civ. P. 5(c)(2)(C). These rules are consistent with Cisneros's direction within his claim that future mailings be sent to his attorney. Once a party is served with a complaint for forfeiture, he has twenty days to file an answer.[3] *See* A.R.S. § 13-4311(G) ("Within twenty days after service of the complaint, the claimant shall file and serve the answer to the complaint.").

**¶10**        The record reflects the State initiated the case by filing a notice of pending forfeiture in September 2013. The following month, Cisneros filed a claim in that same case number contesting the forfeiture and seeking return of the seized property. By filing his claim, Cisneros appeared in the forfeiture case for a purpose other than contesting personal jurisdiction, *see supra* ¶ 8, and recognized the case was pending before the State filed its complaint. The State therefore properly effected service of the complaint by mailing it to Cisneros's attorney. *See* Ariz. R. Civ. P. 5(c)(1), (2)(C). Upon

---

3        Rule 6(e) allows five extra calendar days to answer after service authorized by Rule 5(c)(2)(C), (D), or (E). *See also $47,611.31*, 196 Ariz. at 3-4, ¶¶ 10-16 (concluding Rule 6(e) applies to extend the time period for answering a forfeiture complaint where service is completed by mail). However, the additional time is irrelevant here because Cisneros answered well after the twenty-five day period expired.

mailing, service of the complaint was complete, Ariz. R. Civ. P. 5(c)(2)(C), and the twenty-day limitations period for filing an answer required under A.R.S. § 13-4311(G) began to run.

¶11        Cisneros argues this timeline was disrupted because the State simultaneously sought a waiver of service pursuant to Rule 4.1(c), and, as a result, neither the twenty-day time period from service, nor the sixty-day time period from the mailing of the waiver of service, applies.  We cannot accept this argument.  The fact that Cisneros's attorney signed the waiver thirty-six days after its mailing cannot, as Cisneros now argues, be interpreted to mean he had no deadline to answer the complaint.  Rather, we agree with the trial court that "no rule [and] no case . . . says that if the Defendant fails to return the waiver within the time frame set forth in the request that it makes an ineffective waiver."

¶12        Indeed, Rule 4.2(d)(2)(F) requires only that a request for waiver of service allow the defendant "*a reasonable time* to return the waiver, which shall be *at least* 30 days from the date the notice is sent."  (Emphasis added).  Consistent with this rule, the waiver at issue here simply informed Cisneros that "[t]he cost of service will be avoided" if the waiver were signed and returned within thirty days.  The waiver also specifically advised Cisneros:

> If you comply with this request and return the signed Waiver of Service of Summons, the waiver will be filed with the Court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the verified amended complaint within sixty (60) days from the date designated below [November 4, 2013]."

Consistent with the language of the waiver form, the State filed the waiver after Cisneros's attorney signed and returned it.  Cisneros's waiver of service was thus not ineffective simply for having been returned more than thirty days after the State mailed it.

¶13        Regardless of whether Cisneros had sixty days to respond as provided under Rule 4.1(c)(3) or twenty days to respond as provided under A.R.S. § 13-4311(G), his answer was untimely.  We therefore conclude the trial court did not err.

**CONCLUSION**

**¶14**      The order of the trial court is affirmed.

**¶15**      The State seeks an award of attorneys' fees and costs.  Under A.R.S. § 13-4314(F), a "claimant who fails to establish his entire interest is exempt from forfeiture under [A.R.S.] § 13-4304" must pay "the state's costs and expenses of investigation and prosecution of the matter, including reasonable attorney fees."  Accordingly, the State is awarded its reasonable costs and attorneys' fees upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama