IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In the Matter of:

2000 PETERBILT TRACTOR & TRAILER, WA LIC: 19601RP, VIN:
1XPSD69X2YD479117; $12,500.00 U.S. CURRENCY; SEIZED IN
MCSO #13-073240.

STATE OF ARIZONA ex rel. MARK BRNOVICH, *Plaintiff/Appellee*,

*v.*

RAFAEL CISNEROS-RUIZ, a single man, *Claimant/Defendant/Appellant*.

No. 1 CA-CV 14-0763
FILED 8-16-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2013-009164; CV2013-012378; CV2013-012889 (Consolidated)
The Honorable Dawn M. Bergin, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Kenneth R. Hughes
*Counsel for Plaintiff/Appellee*

Thomas S. Hartzell, Tucson
*Counsel for Claimant/Defendant/Appellant*

Kevin S. Krejci, Tucson
*Counsel for Amicus Curiae Pima County Attorney*

Alexander T. Mahon, Florence
*Counsel for Amicus Curiae Pinal County Attorney*

---

## OPINION

Judge Kenton D. Jones delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

---

**J O N E S**, Judge:

**¶1**   Rafael Cisneros-Ruiz appeals the trial court's order granting the *in rem* forfeiture of currency, a semi-truck, and a trailer. Cisneros argues he did not timely waive service and that, because he was not thereafter properly served, he was not required to answer the State's complaint within the period set forth in Arizona Revised Statutes (A.R.S.) section 13-4311(G)[1] or within the extended period allowed to one who waives service. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**   In April 2013, law enforcement officers performed a traffic stop on a semi-truck Cisneros was driving. Cisneros consented to a search of the truck, in which officers found $9,000 in a bag under the passenger seat and $3,564 in Cisneros's pocket. The officers arrested Cisneros on suspicion of money laundering and seized the money, truck, and trailer. After impounding the truck, officers found and seized an additional $31,040 hidden behind the dashboard.

**¶3**   In September 2013, the State filed a notice of pending *in rem* and *in personam* forfeiture with the court, a copy of which was sent to Cisneros via certified mail.[2] The following month, Cisneros filed a timely

---

[1]  Absent material changes from the relevant date, we cite a statute's current version.

[2]  By the time of the State's notice, Cisneros was already actively seeking the return of the seized property, having filed a complaint against the Maricopa County Sheriff in July 2013 and, in a separate action, a "Petition for Order to Show Cause Why Property Should not be Returned" in September 2013. The trial court consolidated those cases with the State's case in December 2013.

claim "against forfeiture and for return of seized property" in the State's forfeiture action. In his claim, Cisneros directed that all future mailings should be sent to his legal counsel at an address he provided.

¶4 On October 31, 2013, the State filed a complaint within that same forfeiture action. Consistent with Cisneros's instruction, the State mailed the forfeiture complaint and a request for waiver of service to his attorney on November 4, 2013. That request advised Cisneros that, should he agree to waive service and return the executed waiver form within thirty days of November 4, 2013, he would be allowed sixty days from November 4, 2013 to file his answer. On December 11, 2013, thirty-seven days after the State mailed the complaint and waiver request, Cisneros's attorney signed the waiver of service form on behalf of his client and returned it to the State. The State then filed the waiver with the trial court. On January 14, 2014, thirty-four days after returning the waiver of service form and seventy-one days after the State mailed the complaint and waiver request, Cisneros filed his answer.

¶5 In February 2014, the State filed an application for an order of *in rem* forfeiture pursuant to A.R.S. § 13-4311(G) alleging Cisneros's answer was untimely. After oral argument, the trial court granted the State's application, dismissed Cisneros's claims, and ordered all property seized from Cisneros be forfeited *in rem*. Cisneros timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6 Although Cisneros admits his attorney signed the waiver form, he argues the waiver was ineffective because his attorney signed and returned the waiver form more than thirty days after the date the State mailed it. Cisneros argues his belated waiver of service means there was no service because he was not otherwise properly served with the complaint. The validity of a waiver of service is a question of law, which we review *de novo*. *See Duckstein v. Wolf*, 230 Ariz. 227, 282, ¶ 8 (App. 2012) (noting the interpretation of court rules requires *de novo* review) (citing *State v. Bryant*, 219 Ariz. 514, 516, ¶ 4 (App. 2008), and *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8 (App. 2001)).

¶7 The State argues it effected service of the complaint upon Cisneros pursuant to the Arizona Rules of Civil Procedure. We agree.

¶8 Pursuant to A.R.S. § 13-4311(A), the State may serve a forfeiture complaint "in the manner provided by [A.R.S.] § 13-4307 *or* by the Arizona rules of civil procedure." (Emphasis added). Under Rule 5(c),

personal service is not required when, as here, the party to be served has already appeared in the case. *See Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009) (noting, after comparing Rule 4 with Rule 5(c), "[t]he rules governing service differ significantly depending on whether a party to be served has made an 'appearance'"). A party appears when he "take[s] any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Id.* (citing *Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003); and *Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 477 (1969)). The record reflects the State commenced the forfeiture action by filing a notice of pending forfeiture in September 2013. The following month, Cisneros filed a claim under the same cause number contesting the forfeiture and seeking return of the seized property. Through the filing of his claim, Cisneros appeared in the forfeiture case for a purpose other than contesting personal jurisdiction and recognized the State's forfeiture case was pending before the State even filed its complaint. *See* Ariz. R. Civ. P. 4(f).

¶9        Once a party has appeared in a forfeiture case, service is governed by Rule 5(c) and A.R.S. § 13-4307. *See* A.R.S. § 13-4311(A) ("The state may serve the complaint in the manner provided by § 13-4307 or by the Arizona rules of civil procedure."). If a party is represented by an attorney, Rule 5(c)(1) mandates the attorney be served "unless the court orders service on the party." Service can be made by "[m]ailing it via U.S. mail to the [attorney's] last known address — in which event service is complete upon mailing." Ariz. R. Civ. P. 5(c)(2)(C); *see also* A.R.S. § 13-4307 ("Whenever notice of pending forfeiture is required under this chapter it . . . is effective at the time of . . . the mailing of written notice."). These rules are consistent with Cisneros's direction to the State within his claim that future mailings be sent to his attorney. Because Cisneros had already made an appearance under Rule 4(f), the State properly effected service of the complaint by mailing it to Cisneros's attorney.

¶10        Once served with a complaint for forfeiture, a party has twenty days to file an answer.[3] *See* A.R.S. § 13-4311(G) ("Within twenty

---

[3]        Rule 6(e) allows five extra calendar days to answer after service authorized by Rule 5(c)(2)(C), (D), or (E). *See also In re $47,611.31 U.S. Currency*, 196 Ariz. 1, 3-4, ¶¶ 10-16 (App. 1999) (concluding Rule 6(e) applies to extend the time period for answering a forfeiture complaint where service is completed by mail). However, the additional time is irrelevant to the outcome here because Cisneros did not answer until well after twenty-five days had passed.

days after service of the complaint, the claimant shall file and serve the answer to the complaint."). Therefore, upon mailing, service of the complaint was complete, Ariz. R. Civ. P. 5(c)(2)(C) and A.R.S. § 13-4307, and the twenty-day period for filing an answer began to run.

¶11 Cisneros argues his time for answering the complaint was disrupted, however, because the State simultaneously sought a waiver of service, which, he asserts, had to be returned within thirty days in order to be effective. Otherwise, he asserts personal service was required. We cannot accept this argument. No language within the State's requested waiver of service obligated the State to reject Cisneros's waiver of service if more than thirty days passed before he returned it. The waiver merely informed Cisneros that "[t]he cost of service will be avoided if a signed copy of the waiver is received by this Office within thirty (30) days after the date . . . this Request for Waiver of Service of Summons is sent." Although Cisneros's act of having previously appeared in the case obviated any concern regarding the cost or method of service, *see supra* ¶¶ 8-10, the waiver specifically advised Cisneros:

> If you comply with this request and return the signed Waiver of Service of Summons, the waiver will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the verified amended complaint within sixty (60) days from [November 4, 2013].

¶12 Consistent with the waiver form's directive, the State filed the waiver after Cisneros's attorney signed and returned it. That Cisneros's attorney signed and returned the waiver thirty-seven days after its mailing — sixteen days after the time for filing his answer had otherwise run under A.R.S. § 13-4311(G) — did not, as Cisneros now argues, relieve him of any duty to answer the complaint. Rather, we agree with the trial court that "no rule [and] no case . . . says that if the Defendant fails to return the waiver within the time frame set forth in the request that it makes an ineffective waiver." When Cisneros signed and returned the waiver, he foreclosed any further concern regarding service. And even though the waiver was returned outside the specified timeframe, the State accepted the waiver and proceeded according to its proffered terms — extending Cisneros's time to answer by forty days — and we find no case law or statute precluding the State from accepting and filing a waiver of service executed and returned after the time period prescribed within it. Indeed, Rule 4.2(d)(2)(F) requires only that a request for waiver of service allow the defendant "*a reasonable*

*time* to return the waiver, which shall be *at least* 30 days from the date the notice is sent."[4]  (Emphasis added).

¶13      Simply stated, Cisneros's waiver of service was not ineffective because he returned it more than thirty days after the State mailed it, and the timeliness of its return was no longer an issue after the State accepted and filed it.

¶14      Had Cisneros not executed and returned the State's requested waiver of service or had the State rejected the waiver for its late return, Cisneros would have had twenty days from the date of service to file an answer, pursuant to A.R.S. § 13-4311(G).  Because the State accepted and filed the belated waiver, Cisneros had a full sixty days from the date the complaint and request for waiver of service were sent to him to file an answer, pursuant to Rule 4.1(c)(3).  In either regard, his answer — filed seventy-one days after November 4, 2013 — was untimely.  We therefore conclude the trial court did not err.

## CONCLUSION

¶15      The order of the trial court is affirmed.

¶16      The State seeks an award of attorneys' fees and costs.  Under A.R.S. § 13-4314(F), a "claimant who fails to establish his entire interest is exempt from forfeiture under [A.R.S.] § 13-4304" must pay "the state's costs and expenses of investigation and prosecution of the matter, including

---

[4]      The State's mailing of the complaint with an accompanying request to waive service was confusing, given that service had already been effected on Cisneros.  *See supra* ¶¶ 8-10.  Rule 5(c) governed service in this case, obviating any need to obtain a formal waiver of service.  *See* Rule 4.2(d)(2) ("An individual . . . that is subject to service under paragraph (b), (c), (h), (i) or (k) of this Rule 4.2 and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons.  To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of the summons.").  The State explained within its answering brief that it sent the waiver to Cisneros's lawyer to "afford [Cisneros] an additional forty days within which to file an answer." Given that Cisneros had already been served pursuant to Rule 5(c), if the State wished to afford Cisneros more time to respond, it did not need to re-serve him; it could have simply offered him an extension of time to answer the complaint.

reasonable attorney fees." Accordingly, the State is awarded its costs and reasonable attorneys' fees upon compliance with ARCAP 21(b).



Amy M. Wood • Clerk of the court
FILED: AA