STARING, Presiding Judge:
¶1 Jose Silva and Ramon Rangel ("claimants") appeal from the trial court's order granting the state's application for forfeiture of property seized from them during a traffic stop. The court found the claimants' answers to the state's forfeiture complaint were untimely. However, because we conclude claimants did not receive constitutionally sufficient notice of the forfeiture complaint, we reverse.
Factual and Procedural Background
¶2 "We accept the court's factual findings unless they are clearly erroneous." In re $2,390 U.S. Currency , 229 Ariz. 514, ¶ 5, 277 P.3d 219 (App. 2012). In December 2015, during a traffic stop in Pinal County, an Arizona Department of Public Safety officer seized cash totaling $40,160 and a 2010 Chevrolet Camaro from Silva, and $6,363 in cash from Rangel. On the date of the seizure, the state personally served claimants with notice of its intent to proceed with forfeiture of the property. Claimants timely filed claims for the seized property, representing they would "accept future mailings from the court or attorney for the [s]tate" at one address, which was the office of their attorney.
¶3 On February 1, 2016, the state filed a complaint against the seized property. On the same day, the state sent two copies of a summons and the complaint in one envelope by certified mail to the address claimants had provided. On February 29, the envelope was returned to the state marked "unclaimed." The following day, the state sent a facsimile to claimants' attorney, stating:
Complaint filed on February 1, 2016. Mailed to you on February 1, 2016. Certified mail returned as "Unclaimed" (see face of envelope, page two of this fax). Pursuant to A.R.S. §§ 13-4311(A) and 13-4307(1)(b) service is effective upon the mailing of the complaint. Time to file an answer has expired. I will be filing an application for forfeiture pursuant to A.R.S. [§] 13-4311(G).
Claimants filed their answers the next day, on March 2. The state filed an application for *1126 order of forfeiture on March 3, averring it had served claimants by certified mail.
¶4 Claimants objected to the state's application, arguing it had failed to properly serve claimants with the complaint. Claimants' attorney asserted he only became aware of the complaint when he received the March 1 facsimile from the state. Claimants also moved to dismiss the complaint for insufficient process and service of process pursuant to Rule 12(b)(4), (5), Ariz. R. Civ. P.
¶5 The trial court set the matter for oral argument. Prior to oral argument, claimants obtained new counsel, who submitted a pre-hearing brief arguing the state's service of the complaint failed to satisfy the requirements of due process. In a ruling issued after oral argument, the court entered factual findings and concluded the state's service was complete upon mailing and claimants' answers were untimely, granting the state's application for forfeiture.
¶6 Claimants timely appealed and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).
Discussion
¶7 "We review the trial court's application of the forfeiture statutes de novo." $2,390 U.S. Currency , 229 Ariz. 514, ¶ 5, 277 P.3d 219. We also review constitutional claims de novo. In re Estate of Snure , 234 Ariz. 203, ¶ 5, 320 P.3d 316 (App. 2014).
¶8 Before the state may deprive an individual of life, liberty, or property it must accord due process. U.S. Const. amend. XIV, § 1. Essential to due process is notice and an opportunity to be heard. Mullane v. Cent. Hanover Bank & Trust Co. , 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Claimants argue the constitutional requirement of due process required the state "to provide notice by some other means when its sole notice by certified mail was returned 'unclaimed.' "
¶9 Under A.R.S. § 13-4311(A), the state has two options for serving a forfeiture complaint: (1) "in the manner provided by [A.R.S.] § 13-4307," or (2) "by the Arizona rules of civil procedure." If the state elects to serve the complaint according to § 13-4307, and "the owner's ... name and current address are known," then the state may serve the complaint by "[p]ersonal service," or by "[m]ailing a copy of the notice by certified mail to the [known] address." § 13-4307(1).
¶10 Under Rule 5(c), Ariz. R. Civ. P., "personal service is not required when ... the party to be served has already appeared in the case." In re 2000 Peterbilt Tractor & Trailer , 240 Ariz. 450, ¶ 8, 381 P.3d 244 (App. 2016). "A party appears when he 'take[s] any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court,' " such as the filing of a claim. Id. , quoting Kline v. Kline , 221 Ariz. 564, ¶ 18, 212 P.3d 902 (App. 2009) (alteration in Peterbilt ).
¶11 "Once a party has appeared in a forfeiture case, service is governed by Rule 5(c) and ... § 13-4307." Id. ¶ 9. "If a party is represented by an attorney, service ... must be made on the attorney," unless otherwise required by the court or by rule. Ariz. R. Civ. P. 5(c)(1). "A document is served ... by ... mailing it by U.S. mail to the [attorney's] last known address-in which event service is complete upon mailing." Ariz. R. Civ. P. 5(c)(2)(C) ; see also § 13-4307 ("Whenever notice of pending forfeiture is required under this chapter it ... is effective at ... the mailing of written notice....").
¶12 Claimants appeared in this matter by filing claims pursuant to § 13-4311(D), which included the address at which they "w[ould] accept future mailings from the court or attorney for the [s]tate." Accordingly, to effect service on claimants, the state was required to serve the complaint on their attorney of record. See Ariz. R. Civ. P. 5.3(a)(1) (once attorney appears as attorney of record, attorney deemed responsible as party's attorney of record). And, by rule and by statute, service was complete upon mailing the complaint to the address provided. See §§ 13-4307(1)(b), 13-4311(A) ; Ariz. R. Civ. P. 5(c)(2)(C). The state filed its complaint on February 1, and mailed copies to claimants' attorney by certified mail. Thus, claimants' answers, filed on March 2, were not timely. See § 13-4311(G) (claimant "shall file and serve the answer to the complaint"
*1127 within twenty days of service); Ariz. R. Civ. P. 6(c) ("When a party may or must act within a specified time after service and service is made under Rule 5(c)(2)(C)... 5 calendar days are added after the specified period would otherwise expire."); In re $47,611.31 U.S. Currency , 196 Ariz. 1, ¶¶ 13-14, 992 P.2d 1 (App. 1999) (time extending provisions of civil procedure rules apply in civil forfeiture context).
¶13 Ordinarily, that would be the end of the matter. See Dusenbery v. United States , 534 U.S. 161, 169-70, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (state required to attempt to provide actual notice, but not required to actually do so). In this case, however, the mailed copies of the complaint were returned to the state marked "unclaimed." And, although the state knew of the failed service, it made no further attempts to serve the complaint on claimants before applying to the trial court for an order of forfeiture. See A.R.S. §§ 13-4311(G), 13-4314(A). Relying, in part, on Jones v. Flowers , 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), claimants assert the state's failure to attempt any other means of notice before proceeding with forfeiture deprived them of due process. We agree.
¶14 In Jones , the Arkansas Commissioner of State Lands mailed a certified letter to a property owner notifying him he was delinquent on the payment of taxes on his real property but that he had a right to redeem the property. 547 U.S. at 223, 126 S.Ct. 1708. Because no one was home to sign for the letter and no one attempted to retrieve it at the post office, it was returned unopened and marked "unclaimed." Id. at 223-24, 126 S.Ct. 1708. Two years later, the state undertook to sell the property, sending a letter by certified mail to the owner stating that if he failed to pay the delinquent taxes, his property would be sold. Id. at 224, 126 S.Ct. 1708. Again, the letter was returned marked "unclaimed," and the state proceeded with the sale. Id.
¶15 The Supreme Court observed that it had "never addressed whether due process entails further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed." Id. at 227, 126 S.Ct. 1708. It then found the "Commissioner's effort to provide notice to [the owner] of an impending tax sale of his house was insufficient to satisfy due process given the circumstances of th[e] case." Id. at 239, 126 S.Ct. 1708. It also concluded the Commissioner would have done "more when the attempted notice letter was returned unclaimed, and there was more that reasonably could be done," had there been a true desire to alert the owner "he was in danger of losing his house." Id. at 238, 126 S.Ct. 1708. Thus, while the state was not required to make "heroic efforts" to assure the notice's delivery, Dusenbery , 534 U.S. at 170, 122 S.Ct. 694, its "knowledge that notice pursuant to the normal procedure was ineffective triggered an obligation ... to take additional steps to effect notice," Jones , 547 U.S. at 230, 126 S.Ct. 1708. When "exerting extraordinary power against a property owner[,] ... [i]t is not too much to insist that the State do a bit more to attempt to let him know about it when the notice letter addressed to him is returned unclaimed."[1] Id. at 239, 126 S.Ct. 1708.
¶16 Undoubtedly, the due process requirements of Jones apply when no claim has been filed in forfeiture proceedings. See $2,390 U.S. Currency , 229 Ariz. 514, ¶ 12, 277 P.3d 219 ; cf. Estate of Snure , 234 Ariz. 203, ¶¶ 7-10, 320 P.3d 316. The state argues, however, Jones is inapplicable after a claim has been filed and claimants are "active litigants in the underlying action, represented by an attorney."
¶17 Although the filing of a claim constitutes an appearance, 2000 Peterbilt Tractor & Trailer , 240 Ariz. 450, ¶ 8, 381 P.3d 244, the effect of a complaint filed by the state is the same for both claimants and non-claimants: it initiates forfeiture proceedings, see § 13-4311(A). If the state files a complaint, an answer must be timely filed, regardless of whether a claim has been filed.
*1128 See State v. Jackson , 210 Ariz. 466, ¶¶ 23-28, 113 P.3d 112 (App. 2005). If an answer is not timely filed, the court proceeds with "the functional equivalent of a default judgment."[2] Id. ¶ 13. This is because failure to file an answer triggers the state's application for an order of forfeiture. See § 13-4311(G) ; State ex rel. Horne v. Anthony , 232 Ariz. 165, ¶ 19, 303 P.3d 59 (App. 2013). Because the effect of an untimely answer is the same for claimants and non-claimants, we cannot conclude the filing of a claim relieves the state of its obligation to provide notice in accordance with the dictates of due process.[3]
¶18 Here, that meant "do[ing] more when the attempted notice letter was returned unclaimed, and there was more that reasonably could [have been] done." Jones , 547 U.S. at 238, 126 S.Ct. 1708. For example, the state could have sent "notice of forfeiture by regular mail." $2,390 U.S. Currency , 229 Ariz. 514, ¶ 12, 277 P.3d 219. Instead, here, as in Jones , upon learning the claimants "had not received notice that [they were] about to lose [their] property, the [s]tate did-nothing." Jones , 547 U.S. at 234, 126 S.Ct. 1708.
¶19 Further, although § 13-4307 provides notice is "effective at the time of ... the mailing of written notice," Jones requires "the government [must] consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." 547 U.S. at 230, 126 S.Ct. 1708. Ordinarily, "[m]ailing a copy of the notice by certified mail to the [known] address," of a claimant will be effective. See § 13-4307. But where, as here, the state unquestionably knows its attempted notice was ineffective, it must take "additional reasonable steps to notify" claimants. Jones , 547 U.S. at 234, 126 S.Ct. 1708 ("What steps are reasonable in response to new information depends upon what the new information reveals.").
¶20 The state argues sending a facsimile informing claimants the complaints had been returned "[u]nclaimed," the "[t]ime to file an answer ha[d] expired," and the state would "be filing an application for forfeiture," satisfied the requirements of Jones . We disagree. An after-the-fact facsimile informing claimants that their failure to respond to ineffective notice has resulted in the forfeiture of their property does not constitute due process. See Mullane , 339 U.S. at 315, 70 S.Ct. 652 ("[W]hen notice is a person's due, process which is a mere gesture is not due process.").
¶21 Further, as the state conceded during oral argument, nothing in the forfeiture statutes divests the state of discretion to permit a claimant to file an answer after the twenty-day deadline, particularly when, as here, it knows its original attempt at providing notice failed and it has yet to apply to the court for an order of forfeiture. Although § 13-4311(G) states that if an answer is not "timely filed, the attorney for the state shall proceed as provided in §§ 13-4314 and 13-4315 with ten days' notice to any person who has timely filed a claim that has not been stricken by the court," this provision could only reasonably be read to mean that the state shall proceed in accordance with the procedures set forth in §§ 13-4314 and 13-4315, not that it must proceed immediately. Reading "shall" to require the state to proceed immediately and without discretion would lead to absurd results. For example, even if the state learned it lacked a good-faith basis to continue an action against property, it could not refuse to do so if an untimely answer was filed. See *1129 Bilke v. State , 206 Ariz. 462, ¶ 11, 80 P.3d 269 (2003) (we apply the plain meaning of a statute "unless application of the plain meaning would lead to impossible or absurd results"); cf. § 13-4314(A) (state's application for forfeiture includes "notice and facts sufficient to demonstrate probable cause for forfeiture"); Ariz. R. Sup. Ct. 42, ER 3.3(a)(1) (lawyers shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"); Ariz. R. Sup. Ct. 42, ER 3.8(a) (prosecutor shall "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause").[4]
¶22 Our dissenting colleague, however, asserts "there was nothing that the state could do after it learned that the complaints were unclaimed that would have ... made a difference," and that "claimants were already in default" at that time. Infra ¶ 37. He also asserts, "The only way the state could correct the matter of service to forestall the statutory deadline would have been to reverse the laws of time and space to go back to before February 27, 2016, when the claimants would not have been in default." Infra ¶ 37. The dissent ignores, however, that nothing in the statutes automatically declares a claimant is in default upon failure to file a timely answer. See § 13-4314(A) (requiring "the state's written application" before court "shall order the property forfeited"); cf. Ariz. R. Civ. P. 55(a)(2) (party seeking entry of default "must file a written application"); Estate of Lewis v. Lewis , 229 Ariz. 316, ¶¶ 27-28, 275 P.3d 615 (App. 2012) (no default where party did not apply for an entry of default).
¶23 Our dissenting colleague also believes Dusenbery controls and that Jones only "expanded on Dusenbery and Mullane ... under the particular facts of the case." Infra ¶ 34. The facts of Dusenbery , however, distinguish it from the situation at hand. There, the government attempted to serve Dusenbery notice by certified mail to the address where Dusenbery was incarcerated, his former residence, and his mother's residence. 534 U.S. at 164, 122 S.Ct. 694. In addition, the government published notice on three consecutive Sundays in a newspaper in the judicial district where the forfeiture proceeding was brought. Id. The salient fact missing from Dusenbery , but present both here and in Jones , is knowledge by the government that notice was ineffective. See id. at 164-66, 169, 122 S.Ct. 694 ; see also Jones , 547 U.S. at 224, 227, 126 S.Ct. 1708 ("But we have never addressed whether due process entails further responsibility when the government becomes aware prior to the taking that its attempt at notice has failed.").
¶24 Jones makes clear that the due process calculus is changed by a party's knowledge of failed notice. See 547 U.S. at 230, 126 S.Ct. 1708 ("knowledge that notice pursuant to the normal procedure was ineffective trigger[s] an obligation ... to take additional steps to effect notice").[5] Those were the facts in Jones and those are the facts here. Those were not the facts in Dusenbery . See id. at 238, 126 S.Ct. 1708 ("In Dusenbery , the Government was aware that someone at the prison had signed for the prisoner's notice letter.... In this case, of course, the notice letter was returned to the Commissioner, informing him that his attempt at notice had failed.") (citation omitted).
¶25 We have previously concluded that Jones "creat[ed] a bright-line rule that where a party is entitled to notice and the notice provided is known to be defective, due process requires that additional reasonable steps must be taken to provide notice." Estate of Snure , 234 Ariz. 203, n.2, 320 P.3d 316. In this instance, the state attempted to notify claimants at their provided address by certified mail, but upon learning its efforts had failed, did nothing more. Due process requires notice to be provided by means "such as one desirous of actually informing *1130 the absentee might reasonably adopt to accomplish it." Jones , 547 U.S. at 238, 126 S.Ct. 1708, quoting Mullane , 339 U.S. at 315, 70 S.Ct. 652. That was not done here.
Attorney Fees
¶26 Claimants have requested attorney fees pursuant to Rule 21(a), Ariz. R. Civ. App. P., but have "failed to separately articulate an appropriate statutory basis for that request." Grubb v. Do It Best Corp. , 230 Ariz. 1, ¶ 17, 279 P.3d 626 (App. 2012), quoting Fid. Nat'l Title Co. v. Town of Marana , 220 Ariz. 247, ¶ 17, 204 P.3d 1096 (App. 2009). Accordingly, we deny their request. See id. However, as the prevailing parties, they are entitled to taxable costs pursuant to A.R.S. § 12-341, subject to their compliance with Rule 21(b), Ariz. R. Civ. App. P.
Disposition
¶27 For the foregoing reasons, we reverse the trial court's ruling and remand this matter to that court for proceedings consistent with this opinion.

At oral argument in this case, the state conceded that forfeiture can be an extraordinarily significant remedy in certain cases.

Compare § 13-4311(G) (if answer not filed within twenty days, state proceeds with default with ten days' notice to claimants) with Ariz. R. Civ. P. 12(a)(1)(A) (answer must be filed within twenty days of service) and 55(a)(1), (3), (4) (party may obtain entry of default where opposing party has failed to answer; must provide notice of default; default effective ten days after entry).

Although an attorney of record is "responsible for keeping advised of the status of, and the deadlines in, pending actions in which that attorney has appeared," Ariz. R. Civ. P. 5.3(b), that does not excuse the government's "constitutional obligation of notice before taking private property" when notice is due, Jones , 547 U.S. at 232-33, 126 S.Ct. 1708. See also Estate of Snure , 234 Ariz. 203, ¶ 9, 320 P.3d 316 ("[T]he Court in Jones found that a person who is entitled to notice of a proceeding is entitled regardless of whether the information is available elsewhere or whether the person has been diligent in her attention to her property.").

The state does not argue it would be prejudiced in any meaningful way if it were required to provide additional notice or grant claimants an extension of time to file an answer in circumstances such as these. Claimants would merely obtain the opportunity to have the matter resolved on its merits. See Addison v. Cienega, Ltd. , 146 Ariz. 322, 323, 705 P.2d 1373, 1374 (App. 1985) (law favors resolution of cases on merits).

In Jones , had Arkansas not been made aware of its failed attempts at notice, there might not have been a due process violation.