NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

EDDY GERMAN YON, et al., *Appellants.*

No. 1 CA-CV 17-0489
FILED 6-7-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-001382
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Dallen Gardner
*Counsel for Appellee*

Charles M. Thomas, Attorney at Law, Phoenix
By Charles M. Thomas
*Counsel for Appellants*

_____

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

_____

**J O H N S E N**, Judge:

**¶1**           Eddy German Yon and Joel Jesus Yon Parra ("Claimants") appeal from the superior court's orders striking their answers and granting forfeiture of $35,322 in cash and a vehicle. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**           On February 7, 2017, the State filed a Notice of Seizure for Forfeiture and Notice of Pending Forfeiture concerning $35,322 and a 2012 Ford vehicle. On March 7, 2017, Joel Parra filed a claim asserting he owned the currency and objecting to its forfeiture. On the same day, Eddy Yon filed a claim asserting he owned the vehicle and objecting to its forfeiture. Both claims stated that all future mailings in the forfeiture matter should be sent to "c/o Charles M. Thomas, 40 N. Central, Building 2, Suite 1400, Phoenix, Arizona 85004."

**¶3**           On April 5, 2017, the State filed a complaint seeking to forfeit the currency and the vehicle. The State served the complaint by mailing it on April 6, 2017, to the address specified in Claimants' claims. The deadline for Claimants to answer was May 1, 2017.

**¶4**           After Claimants failed to file a timely answer, the State filed a notice on May 2, 2017 informing Claimants it would be filing an application for order of forfeiture after 10 days. Claimants finally answered the State's complaint on May 9, 2017. The State moved to strike Claimants' answer as untimely. The superior court granted the motion, and the State applied for and obtained a final order forfeiting the currency and vehicle to the State.

**¶5**        Claimants timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1) (2018).[1]

## DISCUSSION

**¶6**        We review *de novo* the superior court's interpretation of relevant statutes and court rules.  *State ex rel. Horne v. Anthony*, 232 Ariz. 165, 168-69, ¶ 15 (App. 2013).

**¶7**        Claimants argue they were not properly served, but contend that even if they were properly served, their answer still was timely because they reside in Mexico and thus they had 30 days to answer under Arizona Rule of Civil Procedure 4.2(m).

**¶8**        Claimants were properly served.  Pursuant to A.R.S. § 13-4311(A) (2018), the State may serve a forfeiture complaint "in the manner provided by [A.R.S.] § 13-4307 *or* by the Arizona rules of civil procedure." (Emphasis added).  Personal service is not required when, as here, the party to be served already has appeared in the case.  Ariz. R. Civ. P. 5(c); *see also Kline v. Kline*, 221 Ariz. 564, 569, ¶ 18 (App. 2009) (noting, after comparing Rule 4 with Rule 5(c), "[t]he rules governing service differ significantly depending on whether a party to be served has made an 'appearance.'").  A party appears when he "take[s] any action, other than objecting to personal jurisdiction, that recognizes the case is pending in court." *Id.*, *citing Tarr v. Superior Court*, 142 Ariz. 349, 351 (1984); *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 29, ¶ 8 (App. 2003); and *Austin v. State ex rel. Herman*, 10 Ariz. App. 474, 477 (1969).

**¶9**        Claimants personally appeared when they responded to the State's notice of forfeiture by filing claims under the cause number of the forfeiture.  By filing their claims, Claimants appeared in the forfeiture case for a purpose other than contesting personal jurisdiction and recognized the State's forfeiture case was pending even before the State filed its complaint.  *See* Ariz. R. Civ. P. 4(f).

**¶10**        Given Claimants' appearance, the State properly served the complaint upon them by mailing it to their attorney.  Ariz. R. Civ. P. 5(c)(1) (after party has appeared, mandating service upon a party's attorney "unless the court orders . . . service on the party"); Ariz. R. Civ. P. 5(c)(2)(C) (service permissible by "mailing it via U.S. mail to the person's last-known

---

[1]        Absent material revision after the relevant date, we cite the current version of a rule or statute.

address—in which event service is complete upon mailing"); *see also* A.R.S. § 13-4307 (2018) ("Whenever notice of pending forfeiture is required under this chapter it . . . is effective at the time of . . . the mailing of written notice"). These rules are consistent with the instruction in Claimants' claims that future mailings should be sent in care of their attorney.[2] Because Claimants had made an appearance under Rule 4(f), the State properly effected service of the complaint by mailing it to the address Claimants provided. Although Claimants argue the State failed to provide evidence that the complaint actually was mailed to their lawyer, the executed service certificate at the end of the complaint constitutes sufficient evidence of mailing.[3]

**¶11**		Once served with a complaint for forfeiture, a party has 20 days to file an answer. A.R.S. § 13-4311(G). Service of the complaint was complete upon mailing, and the 20-day clock began at that time. Ariz. R. Civ. P. 5(c)(1), 5(c)(2)(C); A.R.S. § 13-4307.[4] Because Claimants failed to answer within the prescribed time, the superior court properly struck their answer as untimely.

**¶12**		Claimants next argue that the State did not demonstrate the requisite probable cause for the forfeiture. When no answer is timely filed, the State shall proceed under A.R.S. § 13-4314 (2018), which provides that the superior court must find probable cause before ordering forfeiture.

---

[2]		Claimants contend the superior court erred in determining that the requirement that "Rule 5(c) pleadings must be served on counsel for represented parties did not apply." To the contrary, the court correctly stated that because Claimants already had appeared by filing their claims, "service under [Rule] 5(c) is appropriate and that mailing the complaint to the 'c/o Charles M. Thomas' address was likewise appropriate."

[3]		On appeal, Claimants argue they needed to be served pursuant to Rule 4.2 (i)(1), which invokes The Hague Convention. Rule 4.2(i)(1) became inapplicable when Claimants entered appearances. *See In re 2000 Peterbilt Tractor & Trailer, WA LIC: 19601RP, VIN: 1XPSD69X2YD479117*, 240 Ariz. 450, 452-53, ¶ 9 (App. 2016) ("Once a party has appeared in a forfeiture case, service is governed by Rule 5(c) and A.R.S. § 13-4307.").

[4]		Rule 6(c) allows five extra calendar days to answer after service authorized by Rule 5(c)(2)(C), (D) or (E). *See also In re $47,611.31 U.S. Currency*, 196 Ariz. 1, 3-4, ¶¶ 10-16 (App. 1999) (Rule 6(c) applies to extend the time period for answering a forfeiture complaint when service is completed by mail). The additional time is irrelevant to the outcome here, however, because Claimants did not answer until after 25 days had passed.

A.R.S. §§ 13-4311(G) and -4314(A). We review a probable-cause determination in a forfeiture action *de novo. In re U.S. Currency in the Amount of $315,900.00*, 183 Ariz. 208, 211 (App. 1995).

**¶13**          "To obtain forfeiture of property based on drug-related racketeering, the State must show probable cause to believe the property is a proceed of or facilitated a drug sale based on all the evidence at the time of the forfeiture hearing." *Anthony*, 232 Ariz. 165, 170, ¶ 27, *citing In re $24,000 in U.S. Currency,* 217 Ariz. 199, 202, ¶¶ 9-10 (App. 2007). "To meet that burden, the State must show reasonable grounds for its belief 'supported by more than a mere suspicion, but less than prima facie proof.'" *In re $24,000,* 217 Ariz. at 202, ¶ 11 (citation and internal quotation marks omitted). "This requires some credible evidence supporting the allegation[s]." *Anthony,* 232 Ariz. at 170, ¶ 27, *citing In re $24,000*, 217 Ariz. at 202, ¶ 13.

**¶14**          Claimants argue the State's allegations were insufficient to support probable cause because they relied on Joel Parra's drug conviction from 1991. But Claimants fail to address the other facts the State alleged in its sworn complaint. There, the State alleged that a trafficker of illegal drugs met with Joel Parra, who was driving the seized vehicle. The trafficker handed Joel Parra a pink shoebox containing $35,322, a trained police K-9 alerted to the currency, and Eddy Yon, the owner of the seized vehicle, was a passenger in the rear seat of the vehicle. Based on the totality of the credible evidence, the State alleged facts sufficient to support the superior court's determination of probable cause for forfeiture of the seized vehicle and currency.

## CONCLUSION

**¶15** For the foregoing reasons, we affirm. We award costs to the State upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA