# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben Smith,                                    :
            Petitioner                   :
                             :
        v.                                       :  No. 727 C.D. 2019
                             :  SUBMITTED:  November 27, 2019
Pennsylvania Board of                           :
Probation and Parole,                           :
            Respondent                   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  January 6, 2020


Ruben Smith (Smith), an inmate at a Pennsylvania state correctional institution, petitions for review of a May 17, 2019 order of the Pennsylvania Board of Probation and Parole (Board).  The Board's order recommitted Smith and recalculated his maximum sentence date from November 28, 2016 to September 14, 2020.[1]  Smith contends the Board should have used February 7, 2015 rather than November 28, 2016 as the previous maximum sentence date from which to begin its recalculation.  After thorough review, we affirm the Board's order.

---

[1] A previous Board order recalculated the maximum sentence date as December 1, 2024. Smith filed a request for administrative relief.  The Board acknowledged an error in calculation, and in the May 17, 2019 order at issue here, the Board corrected the maximum date to September 14, 2020.

## Background

In August 1995, Smith received a sentence of 3 to 20 years for robbery. After credit for time in custody prior to sentencing, Smith's original maximum sentence date was February 7, 2015. Certified Record (C.R.) at 1.

While incarcerated in 2004 for the earlier robbery conviction, Smith was charged with assault and resisting arrest, for which he received new sentences of two to four years and one to six months. *Id.* at 3. In July 2005, the Board issued a decision to parole Smith and recalculated his maximum sentence date as November 18, 2016. *Id.* at 4-7.

In June 2009, Smith was arrested on new criminal charges arising from a domestic dispute. *Id.* at 21, 31. In August 2009, he was sentenced to time served on the new charges. *Id.* at 34. In October 2009, the Board issued a decision to recommit, ordered Smith to serve nine months of backtime, and recalculated his maximum sentence date to November 28, 2016. *Id.* at 46, 50, 52-54.

In May 2010, the Board issued a reparole decision. That decision stated Smith's maximum sentence date was November 28, 2016. *Id.* at 61-64.

In February 2011, the Board issued a warrant to commit and detain Smith for parole violations. *Id.* at 69. The warrant indicated Smith's maximum sentence date was November 28, 2016. *Id.* at 70-71. The related notice of charges, *which Smith signed*, likewise stated his maximum sentence date was November 28, 2016. *Id.* at 73. He waived a revocation hearing.

In September 2011, the Board issued another warrant to commit and detain Smith for parole violations. *Id.* at 89. The related arrest report indicated Smith's maximum sentence date was November 28, 2016. *Id.* at 90-91. Once again, *Smith signed the related notice of charges*, which also stated a maximum sentence date of

November 28, 2016. *Id.* at 93. He again waived a revocation hearing. In December 2011, the Board issued an order to recommit, indicating a maximum sentence date of November 28, 2016. *Id.* at 114, 116.

In June 2013, the Board issued a reparole decision, in which it once again stated Smith's maximum sentence date was November 28, 2016. *Id.* at 120-23.

In August 2016, Smith was arrested on drug charges. The Board issued a warrant to detain. *Id.* at 135. *Smith signed a related notice of charges* once again indicating a maximum sentence date of November 28, 2016. *Id.* at 136. The Board subsequently declared Smith delinquent for control purposes as of his arrest date. *Id.* at 162. The Board lifted its detainer on November 28, 2016, Smith's maximum sentence date.

In June 2017, Smith was sentenced to 30 to 60 months on the drug charges. *Id.* at 165. The Board then re-lodged its detainer. *Id.* at 163. *Smith once again signed the related notice of charges*, which reflected a maximum sentence date of November 28, 2016. *Id.* at 169. However, for the first time, he requested a revocation hearing instead of signing a waiver. *Id.* at 171.

At the revocation hearing in July 2017, Smith asserted he was no longer on parole at the time of his August 2016 drug arrest, because his maximum sentence date had passed in February 2016,[2] before his drug arrest. *Id.* at 178-79. The hearing examiner declined to entertain Smith's argument on that issue, based on his signature

---

[2] The certified record indicates Smith asserted several different maximum sentence dates in connection with his argument, including February 7, 2015, January 16, 2016, February 2016, and August 9, 2016. Certified Record at 179, 228-29. However, all of the asserted dates are prior to Smith's August 12, 2016 drug arrest, so the discrepancies are immaterial to his argument here. In his brief in this Court, Smith contends the correct maximum sentence date is February 7, 2015. We therefore deem his assertion of the correct date to be February 7, 2015, as argued in his brief.

on parole documents from September 2013 acknowledging the November 28, 2016 maximum sentence date. *Id.* at 179-81.

In a decision mailed in October 2017, the Board recommitted Smith to serve 30 months of backtime, forfeited 7 years, 4 months, and 15 days of street time, and recalculated his maximum sentence date as December 1, 2024. Smith filed an administrative appeal from the Board's October 2017 decision.[3] He raised several claims in that appeal concerning the calculation of his sentence. Relevant here, he alleged that his maximum sentence date at the time of his August 2016 drug arrest was February 7, 2015, not November 28, 2016. *Id.* at 228. He reasoned that because his maximum sentence date had already passed before his August 2016 drug arrest, the Board had no authority to issue a detainer in connection with the drug charges.

In July 2018, Smith filed a motion with the Board for an evidentiary hearing in connection with his pending administrative appeal. In the motion, Smith again asserted the Board erred when it recommitted him based on his drug charges, because his maximum sentence date had already passed before his arrest on those charges. *Id.* at 244. The record does not indicate any evidentiary hearing was held.

The Board mailed its decision on May 17, 2019, correcting Smith's recalculated maximum sentence date to September 14, 2020. Smith's petition for review in this Court followed.

---

[3] He filed an amended petition in that appeal in September 2018.

**Issues on Appeal**

On appeal,[4] Smith argues his maximum sentence date was February 7, 2015, not November 28, 2016. The Board counters that Smith's challenge to the November 28, 2016 date is untimely and that its warrant to commit and detain following Smith's August 2016 arrest stayed the maximum sentence date.

**Discussion**

Smith's argument, which is less than two pages long, offers little beyond a bare averment that the Board relied on the wrong maximum sentence date in lodging a detainer after Smith's August 2016 drug arrest. He does not dispute the numerous parole violations and new convictions that resulted in the recalculation of his maximum sentence date. He merely asserts, without analysis or citation of authority, that his correct maximum sentence date was February 7, 2015, and consequently, he had completed that sentence and was no longer subject to a Board detainer in August 2016. We agree with the Board that Smith's request for relief from the Board was untimely.

As the foregoing facts demonstrate, the Board consistently indicated a maximum sentence date of November 28, 2016 in at least 11 documents from June 2009 until it recalculated the maximum sentence date following Smith's June 2017 drug conviction. Smith does not claim he did not receive these documents. Indeed, he acknowledged that he signed several of them. Thus, he cannot and does not assert that he was unaware of the Board's recalculation of his maximum sentence date to November 28, 2016.

---

[4] Our review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

An administrative challenge to a recalculation of a maximum sentence date must be received by the Board within 30 days after the recalculation decision. 73 Pa. Code § 73.1; *Coldren v. Pa. Bd. of Prob. & Parole*, 795 A.2d 457 (Pa. Cmwlth. 2002). An untimely administrative challenge may be allowed where the delay is attributable to intervening negligence of a third party or a breakdown in the administrative process. *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091 (Pa. Cmwlth. 2013). However, a party seeking permission to file an untimely appeal must also establish that he filed the appeal shortly after learning of the untimeliness and the opportunity of addressing it. *Id.*

Here, there is no question Smith's request for relief challenging the maximum sentence date of November 28, 2016 was untimely. The Board issued that recalculation in 2009. Smith did not challenge it until 2017. He does not allege the delay resulted from fraud, operational breakdown, or any other extraordinary circumstance not involving his own negligence. Moreover, he does not claim he was unaware of the recalculation back in 2009 (and at various times since); thus, he did not assert his claim within a short time after learning of the recalculation. We conclude he has not satisfied the criteria for asserting an untimely challenge prescribed in *Smith*.

Smith nonetheless contends the February 7, 2015 maximum sentence date appears in two documents, dated June 29, 2017 and October 21, 2017, submitted as his supplemental reproduced record. Both documents are sentence status summaries from the Department of Corrections, and both documents reflect the original controlling maximum sentence date of February 7, 2015. Supplemental Reproduced Record at 1, 4. However, they do not indicate a "discrepancy" between the Board's records and those of the Department of Corrections as Smith suggests. *See* Br. of

Pet'r at 8. The June 29, 2017 summary also reflects the then-current maximum sentence date of November 28, 2016. *Id.* at 1. The October 21, 2017 summary, issued before the Board's May 17, 2019 correction, reflects the then-current maximum sentence date of December 1, 2024. *Id.* at 4. Thus, neither document supports Smith's argument.

Because Smith failed to assert a timely challenge to the recalculated maximum sentence date of November 28, 2016, that date was controlling at the time the Board lodged its detainer after Smith's August 2016 arrest on drug charges. Accordingly, as the Board correctly observes, its issuance of a warrant to detain in August 2016 allowed it to re-lodge the detainer and recommit Smith following his June 2017 drug conviction, notwithstanding that it lifted the detainer on the maximum sentence date of November 28, 2016. *See Johnson v. Pa. Bd. of Prob. & Parole*, 717 A.2d 1108 (Pa. Cmwlth. 1998).

## Conclusion

For the foregoing reasons, we affirm the Board's May 17, 2017 order correcting Smith's maximum sentence date to September 14, 2020.

_____
ELLEN CEISLER, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ruben Smith,                          :
                    Petitioner        :
                                      :
       v.                             :  No. 727 C.D. 2019
                                      :
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :


# **O R D E R**


AND NOW, this 6th day of January, 2020, the May 17, 2019 order of the
Pennsylvania Board of Probation and Parole is AFFIRMED.


_____
ELLEN CEISLER, Judge